# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RON BERGMAN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 3:23-cv-01742-RFL |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, JASON V. O'BYRNE, RYAN FISCHESSER, SCOTT BRAUNSTEIN, ANDREW GUGGENHIME, JEFFREY LONG-MCGIE, NATALIE R. SACKS, BOFA SECURITIES INC., CITIGROUP GLOBAL MARKETS, INC., and SVB SECURITIES LLC, | |
| Defendants. | |

# STIPULATION OF SETTLEMENT

This Stipulation of Settlement dated as of June 28, 2024 (together with all Exhibits hereto, "Stipulation"), which is entered into by Lead Plaintiff Ron Bergman and named plaintiff Carl Cooper ("Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendant Caribou Biosciences, Inc. ("Caribou" or "Company"); Defendants Rachel E. Haurwitz, Jason V. O'Byrne, Ryan Fischesser, Scott Braunstein, Andrew Guggenhime, Jeffrey Long-McGie, and Natalie R. Sacks ("Individual Defendants," and, together with Caribou, "Caribou Defendants"); and Defendants BofA Securities, Inc., Citigroup Global Markets Inc., and Leerink Partners LLC f/k/a SVB Securities LLC ("Underwriter Defendants," and collectively with Caribou Defendants, "Defendants"), through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Parties, and is intended by the Parties to fully and finally release, resolve, remise, and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the approval of the United States District Court for the Northern District of California ("Court").

1

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Paragraph 1 below.

**WHEREAS:**

**A.    Procedural History of the Action**

This Action was commenced on April 11, 2023, alleging violations of §§ 11 and 15 of the Securities Act of 1933 ("Securities Act") and §§ 10(b) and 20(a) of the Exchange Act of 1934 ("Exchange Act") ("Exchange Act Claims"). Dkt. No. 1. On June 1, 2023, Ron Bergman moved for appointment as lead plaintiff and approval of lead counsel. Dkt. No. 18. On July 6, 2023, the Court granted the motion and appointed Ron Bergman as Lead Plaintiff and the Rosen Law Firm, P.A. and the Schall Law Firm as co-lead counsel for Plaintiff and the Class. Dkt. No. 26.

On September 18, 2023, Plaintiffs filed an amended complaint, which for the first time asserted a claim against the Underwriter Defendants for violations of the Securities Act. Dkt. No. 35.

On November 14, 2023, the Caribou Defendants filed a Notice of Motion and Motion to Dismiss the Amended Complaint and Request for Judicial Notice. Dkt. Nos. 50-52. On November 21, 2023, the Underwriter Defendants filed a Notice of Motion and Motion to Dismiss the Amended Complaint. Dkt. No. 53. Plaintiffs filed their oppositions to Defendants' Motions to Dismiss on January 22, 2024. Dkt. Nos. 62-63. Defendants filed their replies on February 21, 2024. Dkt. Nos. 64-65.

On May 8, 2024, the Parties filed a stipulation and proposed order, which the Court entered, staying the hearing on Defendants' motions to dismiss because the Parties had agreed in principle to a settlement. Dkt. Nos. 73-74.

On March 23, 2023, a parallel putative class action alleging claims under the Securities Act against the Caribou Defendants was filed in the Superior Court of the State of California, Alameda County. *Lowry v. Caribou Biosciences, Inc., et al.*, Case No. 23CV029855 ("*Lowry*"). On April 15, 2024, the court issued an order dismissing the *Lowry* action on the ground that Caribou's certificate of incorporation contained a forum selection clause providing that the federal district courts of the United States shall be the exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act.

**B.      The Settlement**

Plaintiffs and the Caribou Defendants participated in an all-day private mediation before the Honorable S. James Otero (Ret.) on April 16, 2024. In connection with the mediation, Plaintiffs and the Caribou Defendants exchanged detailed mediation statements. Although Plaintiffs and the Caribou Defendants were unable to resolve the matter at the mediation, following the mediation Judge Otero proposed, and Plaintiffs and the Caribou Defendants accepted, a mediator's proposal to resolve the Action as to all Defendants. This Stipulation memorializes the agreement between the Parties to fully and finally settle the Action under the terms specified herein.

**C.      Plaintiffs' Assessment of the Claims and Benefits of Settlement**

Plaintiffs believe that the claims asserted in the Action have merit. Plaintiffs recognize, however, the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiffs also understand the uncertain outcome and the risk of any litigation. In particular, Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by Defendants during the litigation, including on Defendants' motions to dismiss and, if the case proceeded to discovery, on any motion(s) for summary judgment, against a motion for class certification, and at trial. Plaintiffs also considered the risk of the Court granting Defendants' motions to dismiss and the Settlement Class Members receiving no recovery at all. Plaintiffs and Lead Counsel have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**D.      Defendants' Denials of Wrongdoing and Liability**

Defendants have denied and continue to deny each and all of the claims asserted in the Action and expressly deny, *inter alia*, that Defendants have engaged in any wrongdoing, including, without limitation, that their public statements were false or misleading; that they have committed any violations of law or breaches of duty to Plaintiffs, Caribou shareholders, or anyone else, or aided and abetted the same; that they failed to disclose any material information to investors; that they acted in any deceitful manner or otherwise with the requisite scienter; and that

any alleged investment losses sustained by Plaintiffs and the Settlement Class were caused by Defendants' alleged misconduct. Defendants continue to believe that the claims asserted against them in the Action are without merit, that their public statements during the Settlement Class Period contained no material misstatements or omissions, and that they otherwise complied with all applicable rules, regulations, and laws. Defendants continue to deny liability or damages to Plaintiffs and the Settlement Class, and this Settlement shall not constitute an admission of liability or wrongdoing.

Nonetheless, taking into account the uncertainty and risks, expense, length of time, and business distraction, among other things, inherent in any litigation, especially in complex securities cases such as this Action, Defendants have determined that the claims asserted in the Action should be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs (individually and on behalf of the Settlement Class) and Defendants, by and through their respective undersigned counsel, subject to approval of the Court pursuant to Federal Rule of Civil Procedure ("Rule") 23(e), that in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled, and released, the Action shall be dismissed with prejudice, and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows.

**1.    Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

1.1    "Action" means the putative class action titled *Bergman v. Caribou Biosciences, Inc., et al.*, Case No. 3:23-cv-01742-RFL (N.D. Cal.).

1.2    "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing, and/or emailing of the Notice

and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants. Such costs do not include legal fees.

1.3 "Authorized Claimant" means any member of the Settlement Class who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

1.4 "Business Day" means any day except a Saturday or Sunday or other day on which national banks are authorized by law or executive order to close in the State of California.

1.5 "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.6 "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action, and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise, injunctive relief, declaratory relief, rescission or rescissionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

1.7 "Claims Administrator" means Strategic Claims Services, which shall administer the Settlement.

1.8 "Compensatory Award" means the requested reimbursement to Plaintiffs for their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class in the Action.

1.9 "Court" means the United States District Court for the Northern District of California.

1.10 "Defendants" means Caribou Biosciences, Inc., Rachel E. Haurwitz, Jason V. O'Byrne, Ryan Fischesser, Scott Braunstein, Andrew Guggenhime, Jeffrey Long-McGie, Natalie R. Sacks, BofA Securities, Inc., Citigroup Global Markets Inc., and Leerink Partners LLC f/k/a SVB Securities LLC.

5

1.11    "Defendants' Counsel" means Goodwin Procter LLP and Morgan Lewis and Bockius LLP.

1.12    "Effective Date" shall have the meaning set forth in ¶ 11.1 of this Stipulation.

1.13    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent at the Huntington National Bank. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court, provided that, unless this Stipulation otherwise permits, no amount shall be withdrawn from the Escrow Account prior to the Effective Date absent written approval of Defendants or Defendants' Counsel, or an order of the Court after notice to Defendants.

1.14    "Escrow Agent" means the Huntington National Bank. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.15    "Final," when referring to the Final Judgment, means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the last-taken appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects and is not subject to further review on appeal or by *certiorari* or otherwise; provided, however, that no order of the Court or modification or reversal on appeal or any other order relating solely to the amount, payment, or allocation of attorneys' fees and expenses, any Compensatory Award, or the Plan of Allocation shall constitute grounds for cancellation or termination of this Settlement, or affect its terms, or shall affect or delay the date on which the Final Judgment becomes Final.

1.16    "Final Judgment" means the order and final judgment to be entered by the Court finally approving the Settlement, materially in the form attached hereto as Exhibit B.

1.17    "Lead Counsel" or "Co-Lead Counsel" means The Rosen Law Firm, P.A. and the Schall Law Firm.

1.18    "Long Notice" means the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1.

6

1.19    "Net Settlement Fund" means the Settlement Fund, less: (i) the Fee and Expense Awards (as defined below); (ii) Administrative Costs; (iii) Taxes and Tax Expenses; (iv) any Compensatory Award; and (v) other fees and expenses authorized by the Court.

1.20    "Notice" means collectively the Long Notice and the Summary Notice of Pendency of Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 respectively, on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

1.21    "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

1.22    "Party" means any one of, and "Parties" means all of, Plaintiffs (on behalf of themselves and the Settlement Class) and Defendants.

1.23    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and its spouses, heirs, predecessors, successors, representatives, or assigns.

1.24    "Plaintiffs" means Lead Plaintiff Ron Bergman and named plaintiff Carl Cooper.

1.25    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

1.26    "Postcard Notice" means the postcard notice to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-4, and which shall contain information relating to, among other things, how to access the Long Notice and Stipulation, and file a Proof of Claim.

1.27    "Preliminary Approval Order" means the order certifying the Settlement Class for settlement purposes only, preliminarily approving the Settlement, and directing notice thereof to

the Settlement Class, substantially in the form of the proposed order attached hereto as Exhibit A.

1.28    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

1.29    "Released Claims" means and includes any and all Claims and Unknown Claims (as defined in ¶1.40) whether arising under federal, state, common, or foreign law: (i) that were asserted in any complaint filed in the Action or in *Lowry*, or could have been asserted or could in the future be asserted in any court or forum, that arise out of, are based upon, or relate in any way to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth or referred to in any complaint filed in the Action or in *Lowry*, or which could have been filed in the Action or in *Lowry*, or (ii) that concern in any way, directly or indirectly, the purchase, acquisition, solicitation, holding, sale or disposition of Caribou common stock during the Settlement Class Period. Notwithstanding the foregoing, "Released Claims" does not include claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

1.30    "Released Parties" means Defendants and each and all of their respective immediate family members, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, controlling shareholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, partners, accountants, investment bankers, commercial bankers, trustees, engineers, agents, insurers, co-insurers and reinsurers, underwriters, heirs, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors and assigns, and any person or entity that is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and their present and former parents, subsidiaries, variable interest entities, divisions, affiliates, employees, officers, directors, principals, controlling shareholders, underwriters, attorneys, legal representatives, insurers, reinsurers, and agents, and the predecessors, heirs, administrators, successors and assigns of the foregoing.

8

1.31    "Releasing Parties" means Plaintiffs, Settlement Class Members, Class Counsel, and each of their respective past or present parent entities, trustees, officers, directors, partners, principals, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, agents, predecessors, successors, general or limited partnerships, limited liability companies, insurers, co-insurers, controlling shareholders, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates, whether or not they object to the Settlement set forth in this Stipulation, and whether or not they make a claim for payment from the Net Settlement Fund.

1.32    "Settlement" means the settlement contemplated by this Stipulation.

1.33    "Settlement Amount" means the sum of three million nine hundred thousand U.S. dollars ($3,900,000). Other than the costs of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA") and costs for providing Caribou's transfer records, no additional payment shall be made by any Defendant in connection with the Settlement, including for Administrative Costs, Lead Counsel's attorneys' fees and expenses, Settlement Class Member benefits, or any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.34    "Settlement Class" means all persons and entities who purchased Caribou common stock during the Settlement Class Period, both dates inclusive and were damaged thereby. Included in the Settlement Class are all persons who purchased Caribou common stock pursuant to and/or traceable to Caribou's registration statement and prospectus issued in connection with its IPO and all persons and entities who purchased Caribou common stock during the Settlement Class Period at artificially inflated prices and were damaged thereby. Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the Company's present and former officers and directors during the Settlement Class Period; members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendant, or any person excluded under this subsection (b), has or had a majority ownership interest during the Settlement Class Period.

1.35    "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

9

1.36    "Settlement Class Period" means the period from July 23, 2021, through July 13, 2023, both dates inclusive.

1.37    "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

1.38    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 as to whether the Settlement set forth in the Stipulation is fair, reasonable and adequate, and therefore should receive final approval from the Court.

1.39    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action that the Claims Administrator will cause to be published, substantially in the form attached hereto as Exhibit A-3.

1.40    "Unknown Claims" means all Claims of every nature and description which Plaintiffs or any Settlement Class Member do not know or suspect to exist in their favor at the time of the release of the Released Parties which, if known by them, might have affected their decision with respect to the settlement with and release of the Released Parties, including without limitation any decision not to opt-out or object to this Settlement.

**2.    Settlement Consideration**

**2.1**    In consideration of the full and final settlement of all Released Claims against the Released Parties: (i) within five (5) Business Days after the entry of the Preliminary Approval Order, Lead Counsel, or the Escrow Agent, will provide complete wire and transfer information, instructions for payment by wire and check, and a completed Form W-9 for the Settlement Fund to Caribou's Counsel; and (ii) within thirty (30) calendar days of the later of entry of the Preliminary Approval Order or receipt of payment instructions from Lead Counsel or the Escrow Agent, Caribou shall fund the Escrow Account, or cause the Escrow Account to be funded, with the full Settlement Amount in cash.

**2.2**    The obligations incurred pursuant to this Settlement shall be in full and final disposition and settlement of all Released Claims. Releasing Parties shall look solely to the Settlement Fund as full, final, and complete satisfaction of all Released Claims. Under no circumstances will the Released Parties be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation or the Settlement for any reason whatsoever,

including, without limitation, as Administrative Costs, as compensation to any Settlement Class Member, as payment of Plaintiffs' or any Settlement Class Member's attorneys' fees and expenses, or in payment of any fees, expenses, costs, liability, losses, Taxes (as defined in ¶ 4.1 below), or damages whatsoever alleged or incurred by Plaintiffs, any Settlement Class Member or Lead Counsel, including but not limited to their attorneys, experts, advisors, agents, or representatives.

**3.      Handling and Disbursement of Funds by the Escrow Agent**

**3.1**      No monies will be disbursed from the Settlement Fund until after Caribou has completed payments except:

      **(a)**      As provided in ¶ 3.4 below;

      **(b)**      As provided in ¶ 5.6 below;

      **(c)**      As provided in ¶ 10.2 below, if applicable; and

      **(d)**      To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund, considered to be a cost of administration of the Settlement, and timely paid by the Escrow Agent without prior Order of the Court.

**3.2**      The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of, or fully insured by, the United States government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Parties. Defendants, Defendants' Counsel, their insurers, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

**3.3**      The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants or Defendants' Counsel.

**3.4**    At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $200,000 from the Settlement Fund prior to the Effective Date to pay Administrative Costs. After the Effective Date, without further approval from the Court, the Escrow Agent may disburse additional amounts up to a total of $100,000 from the Settlement Fund to pay for any necessary, additional Administrative Costs. For any additional Administrative Costs above $100,000, the Escrow Agent shall obtain Court approval.

**3.5**    Defendants shall not bear any cost or responsibility for class notice and administration expenses, except that Caribou shall pay the costs of providing Caribou's transfer records and notice pursuant to CAFA, if any. In the event that the Settlement is not consummated, money reasonably paid or incurred for these purposes, including any related fees, shall not be repaid or returned.

**4.    Taxes**

**4.1**    The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel or its designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel or its designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

> **(a)**    For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or its designee. Lead Counsel or its designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this

12

¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**(b)** All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate.

**(c)** The Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court.

**(d)** The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). The Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1.

**(e)** The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

## 5.    Termination of Settlement

5.1    Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Parties within ten (10) Business Days of:

(a)    entry of a Court order declining to enter the Preliminary Approval Order in any material respect without reasonable leave to amend;

(b)    entry of a Court order refusing to approve this Stipulation in any material respect without reasonable leave to amend;

(c)    entry of a Court order declining to enter the Final Judgment in any material respect, provided, however, that this Settlement is expressly not conditioned on the Court's approval of the proposed Plan of Allocation, nor on the Court's approval of Lead Counsel's application for attorneys' fees or expenses, nor on the Court's approval of any Compensatory Award to Plaintiffs for their reasonable costs and expenses, and any change in the Final Judgment relating to these items shall not be considered a material change; or

(d)    entry of a Court order refusing to dismiss the Action with prejudice;

(e)    entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review; or

(f)    failure on the part of any Party to abide, in material respect, with the terms of this Stipulation.

5.2    If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Defendants, shall have the right to: (a) provide written notice to Defendants of the alleged non-compliance and, if Defendants do not cure the alleged non-compliance within five (5) Business Days, Plaintiffs may terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

**5.3** If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Parties.

**5.4** If prior to Final Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased shares of Caribou common stock during the Settlement Class Period in an amount greater than the amount specified in a separate Confidential Supplemental Agreement between the Parties ("Supplemental Agreement"), then Caribou shall have, in its sole and absolute discretion, the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement), and may only be disclosed *in camera* to the Court if (i) a dispute over the terms arises between the Parties and all Parties consent to the disclosure; or (ii) if the Court otherwise orders such disclosure.

**5.5** In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. In the event the Stipulation shall be terminated, canceled, or not become effective for any reason, the Parties and the Released Parties shall be restored to their respective positions in the Action immediately prior to April 22, 2024, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and, in that event, all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

**5.6**    In the event that the Stipulation shall be terminated, or be canceled, or is incapable of becoming effective for any reason, within ten (10) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable) shall be refunded by the Escrow Agent to Caribou, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from Caribou. At the request of Caribou, the Escrow Agent or their designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to Caribou pursuant to written direction received from Caribou.

**5.7**    No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, the Fee and Expense Application, or any Compensatory Award shall constitute grounds for cancellation or termination of the Stipulation.

**6.    Class Certification**

**6.1**    Solely for purposes of this Settlement, the Parties hereby stipulate to certification of the Settlement Class, appointment of Plaintiffs as class representatives, and appointment of Lead Counsel as class counsel, pursuant to Rule 23(a) and (b)(3). The certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Final Judgment becomes Final. If the Court does not approve the Settlement for any reason, Defendants reserve the right to oppose class certification, appointment of any plaintiff as class representative, and/or appointment of class counsel in any future proceedings.

**7.    Preliminary Approval Order**

**7.1**    Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its exhibits to the Court and shall move for preliminary approval of the Settlement, preliminary certification of the Settlement Class for settlement purposes, entry of a Preliminary Approval Order, and approval for the dissemination of notice, substantially in the form set forth in Exhibits A, A-1, A-2, A-3, and A-4.

**7.2**    The Notice shall describe the Settlement; the proposed Plan of Allocation; the requests for awards of attorneys' fees and expenses and the Compensatory Award; the date of the

16

Settlement Hearing; the procedure by which Settlement Class Members may object to the Settlement or the Plan of Allocation or request to be excluded from the Settlement Class; and Settlement Class Members' opportunity to file claims upon the Settlement Fund. The date and time of the Settlement Hearing shall be added to the Notice before it is mailed or otherwise provided to Settlement Class Members.

7.3     At the time of the submission described in ¶ 7.1 hereof, Plaintiffs, through Lead Counsel, shall request that, after the Notice is disseminated, the Court hold the Settlement Hearing not earlier than 100-110 calendar days after entry of the Preliminary Approval Order, or at the Court's earliest convenience thereafter, and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

7.4     No later than five (5) Business Days after entry of the Preliminary Approval Order, Caribou shall obtain from its transfer agent, at Caribou's expense, a list of certificate or record holders who may have purchased shares of Caribou common stock during the Settlement Class Period. Caribou shall provide, or cause its transfer agent to provide, to the Claims Administrator a list of the names, addresses, and email addresses (if email addresses are available) of the record owners of Caribou common stock during the Settlement Class Period in a usable electronic format, such as an Excel spreadsheet. Any information provided to Lead Counsel by the Company pursuant to this paragraph shall be treated as confidential and will be used by Lead Counsel and the Claims Administrator solely to disseminate notice, apprise Settlement Class Members of the Settlement, and/or implement the Settlement.

7.5     The Stipulation of Settlement, Notice, Proof of Claim, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

7.6     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Caribou shall serve on behalf of all Defendants the notice required under CAFA. At least seven (7) calendar days before the Settlement Hearing, Caribou shall cause to be served on Lead Counsel and filed with the Court an affidavit or declaration regarding compliance with the CAFA notice requirements.

17

## 8.    Releases and Covenants Not to Sue

8.1    Upon the Effective Date, the Releasing Parties, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties, and agree and covenant not to sue any of the Released Parties on the basis of the Released Claims or to assist any third party in commencing or maintaining any suit against the Released Parties related to any Released Claims. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment. Nor shall anything contained herein limit or release any claims Defendants may have with regard to insurance coverage that may be available to them under any applicable policy or indemnity under a contract.

8.2    With respect to any and all Released Claims, upon the Effective Date, Plaintiffs and the Releasing Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

8.3    With respect to any and all Released Claims, Plaintiffs shall expressly waive and each of the Releasing Parties shall be deemed to have waived, and by operation of the Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state, territory, foreign country or principle of common law, that is similar, comparable, or

18

equivalent to California Civil Code § 1542. Plaintiffs and/or one or more Releasing Parties may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Releasing Party, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Releasing Parties shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

**8.4**     Upon the Effective Date, the Defendants shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever released, relinquished and discharged all claims they could have asserted against the Releasing Parties, including Settlement Class Members and Lead Counsel, related to the prosecution of the Action, including both known or Unknown Claims and shall have covenanted not to sue the Releasing Parties, including Settlement Class Members and Lead Counsel, with respect to any such claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any such claim, in any capacity. Nothing contained herein shall, however, bar the Released Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

**8.5**     The releases provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event. Plaintiffs and Settlement Class Members shall be deemed to acknowledge that, as of the Effective Date, the releases given herein shall become effective immediately by operation of the Final Judgment and shall be permanent, absolute, and unconditional.

**9.** **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

**9.1** Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. After the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order.

**9.2** The Settlement Fund shall be applied as follows:

    **(a)** To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

    **(b)** To pay Administrative Costs;

    **(c)** To pay Lead Counsel's attorneys' fees with interest and expenses and Compensatory Award, to the extent allowed by the Court; and

    **(d)** Upon court approval, to distribute the balance of the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

**9.3** Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Long Notice and any orders of the Court. No Person shall have any claims against Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

**9.4** This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Caribou. Defendants, Defendants' Counsel, their insurers, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the

20

determination, administration, rejection, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

**9.5**    The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court and pursuant to this Stipulation and the Plan of Allocation. Plaintiffs and Lead Counsel shall be solely responsible for formulation of the Plan of Allocation. It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

**9.6**    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in conjunction with the processing of the Proofs of Claim.

**9.7**    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants. All Claimants whose claims are not approved by the Court shall be barred from participating in the distribution from the Net Settlement Fund, but otherwise shall be bound by all the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in this Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

**9.8**    All proceedings with respect to the administration, processing, and determination of claims and all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this Court, but shall not delay or affect the finality of the Final Judgment.

**9.9**    Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

**10.    Attorneys' Fees and Expenses**

**10.1**    Lead Counsel may submit an application or applications ("Fee and Expense Application") for distributions from the Settlement Fund to Lead Counsel for a Fee and Expense Award consisting of: (i) an award of attorneys' fees from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) a Compensatory Award to Plaintiffs. Defendants shall take no position with respect to the Fee and Expense Application(s).

**10.2**    Any attorneys' fees and expenses awarded Lead Counsel by the Court shall be paid to Lead Counsel from the Escrow Account within five (5) Business Days of the date the Court enters an order approving the Fee and Expense Award, notwithstanding the existence of any timely filed objections to any Fee and Expense Award, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, and subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus interest earned thereon, within ten (10) Business Days, if and when the Settlement is terminated in accordance with its terms or, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced.

**10.3**    The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not conditions of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order of or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or

22

proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

10.4    Any Fee and Expense Award paid to Lead Counsel or Compensatory Award to Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. The Released Parties shall not have any responsibility for payment of Lead Counsel's attorneys' fees and expenses or other award to Plaintiffs beyond the obligation of Caribou to fund, or to cause to be funded, the Escrow Account with the Settlement Amount as set forth in ¶2.1 above. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

**11.    Effective Date**

11.1    The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

**(a)**    The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

**(b)**    The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

**(c)**    The Action has been dismissed with prejudice; and

**(d)**    The Final Judgment has become Final, as defined in ¶ 1.15 hereof.

11.2    In the event that some or all of the conditions specified in ¶ 11.1 above are not met, the Parties may agree in writing nevertheless to proceed with this Stipulation and Settlement.

11.3    Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**12.    No Admission of Liability or Wrongdoing**

23

**12.1**    The Parties covenant and agree that neither this Stipulation, whether or not consummated, (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents, or proceedings connected with them, is evidence, or an admission or concession by any Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted or could have been alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding. This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses alleged or asserted or could have been alleged or asserted in the Action, any wrongdoing by any Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor any of the terms and provisions of this Stipulation, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that this Stipulation, the documents related hereto, or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Final Judgment, to effectuate the liability protection granted them hereunder, to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith

24

settlement, judgment bar or reduction, offset or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or as otherwise required by law.

**12.2**    Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims of any Defendant against his, her, or its insurers, or insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives. Nothing in this Stipulation constitutes or reflects a waiver or release of any rights or claims relating to indemnification, advancement, or any undertakings by an indemnified party to repay amounts advanced or paid by way of indemnification or otherwise.

**13.    Miscellaneous Provisions**

**13.1**    Except in the event of the provision of a Termination Notice pursuant to ¶ 5 of this Stipulation, the Parties shall take all actions necessary to consummate this agreement; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

**13.2**    The Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) in any way whatsoever any Settlement Class Members to request exclusion from, or object to, the Settlement.

**13.3**    Pending final Court approval of the Settlement, the Releasing Parties shall not seek relief in any forum, and all proceedings in the Action or otherwise shall be stayed and suspended, except that the Parties shall take all such action and file such papers as are necessary and appropriate to effect the consummation and approval of the Settlement. Pending final Court approval, all Releasing Parties shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.

**13.4**    While maintaining their position that the claims asserted in the Action are meritorious, Plaintiffs and Class Counsel shall not make any public statement or statements (whether or not for attribution) that disparage the business, conduct, or reputation of any Defendants or Defendants' Counsel.

**13.5**    Nothing in this Stipulation, or the negotiations relating thereto, is intended to, or shall be deemed to, constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

**13.6**    Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents.

**13.7**    When this Stipulation requires or contemplates that one party shall give notice to another, notice shall be provided by e-mail and next-day (excluding weekends) express delivery service as follows:

If to Plaintiffs and the Settlement Class, then to:

The Rosen Law Firm, P.A.
Sara Fuks
275 Madison Avenue, 40th Floor
New York, NY 10016
sfuks@rosenlegal.com

If to Caribou Defendants, then to:

Goodwin Procter LLP
Jennifer B. Luz
100 Northern Avenue
Boston, Massachusetts 02210
jluz@goodwinlaw.com

If to Underwriter Defendants, then to:

Morgan, Lewis & Bockius LLP
Charlene S. Shimada
One Market, Spear Street Tower
San Francisco, CA  94105-1596
charlene.shimada@morganlewis.com

**13.8**    Plaintiffs and Lead Counsel represent and warrant that Plaintiffs are Settlement Class Members and none of their claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

**13.9**    This Stipulation constitutes the entire agreement between the Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements, or other statements have been made to or relied upon by any Party concerning this

Stipulation, other than the representations, warranties and covenants expressly set forth herein. Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Party shall bear his, her, or its own costs.

13.10  This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties, their respective counsel, or their respective successors in interest.

13.11  This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns.

13.12  The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

13.13  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

13.14  This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

13.15  This Stipulation, the Settlement, and any all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of California without regard to conflict of laws principles.

13.16  Any claim or dispute among the Parties arising out of, relating to, or in connection with the interpretation or implementation of the terms of the Stipulation prior to submission to the Court shall be fully and finally determined by the Honorable S. James Otero (Ret.) without any right of appeal.

**13.17** The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**13.18** The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

**13.19** All agreements by, between or among the Parties, their counsel, and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**13.20** The Parties shall not assert or pursue any action, claim or rights that any Party violated any provision of Rule 11 and/or the Private Securities Litigation Reform Act of 1995 in connection with the Action, the Settlement, or the Stipulation. The Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11, and/or the Private Securities Litigation Reform Act of 1995.

**13.21** Any Party's failure to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties to this Stipulation.

**13.22** Any Party's waiver, express or implied, of any breach or default by any other Party in the performance of such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

28

**13.23** The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**13.24** Whether or not this Stipulation is approved by the Court and the settlement embodied in this Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings had in connection with this Stipulation confidential. Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly as part of any motion for preliminary or final approval of the settlement.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation by their undersigned counsel effective as of June 28, 2024.

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Sara Fuks (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 2020-3827
Email: pkim@rosenlegal.com
sfuks@rosenlegal.com

**THE SCHALL LAW FIRM**
Brian Schall (SBN 290685)
Ivy T. Ngo (SBN 249860)
Rina Restaino (SBN 285415)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com
ivy@schallfirm.com
rina@schallfirm.com

29

*Co-Lead Counsel for Plaintiffs and for the Class*

**GOODWIN PROCTER LLP**

_____
Jonathan A. Shapiro (SBN 257199)
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: +1 415 733 6000
Facsimile: +1 415 733 6000
jshapiro@goodwinlaw.com

**GOODWIN PROCTER LLP**
Adam Slutsky (*pro hac vice*)
Jennifer B. Luz (*pro hac vice*)
Katherine G. McKenney (*pro hac vice*)
100 Northern Avenue
Boston, MA 02210
Telephone: +1 617 570 1000
Facsimile: +1 617 523 1231
aslutsky@goodwinlaw.com
jluz@goodwinlaw.com
kmckenney@goodwinlaw.com

*Counsel for the Caribou Defendants*

**MORGAN, LEWIS & BOCKIUS LLP**

_____
Charlene S. Shimada (SBN 91407)
charlene.shimada@morganlewis.com
Kevin M. Papay (SBN 274161)
kevin.papay@morganlewis.com
Robert H. O'Leary (SBN 284879)
bob.oleary@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

J. Warren Rissier (SBN 197939)
warren.rissier@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor

30

*Co-Lead Counsel for Plaintiffs and for the Class*

**GOODWIN PROCTER LLP**

Jonathan A. Shapiro (SBN 257199)
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: +1 415 733 6000
Facsimile: +1 415 733 6000
jshapiro@goodwinlaw.com

**GOODWIN PROCTER LLP**
Adam Slutsky (*pro hac vice*)
Jennifer B. Luz (*pro hac vice*)
Katherine G. McKenney (*pro hac vice*)
100 Northern Avenue
Boston, MA 02210
Telephone: +1 617 570 1000
Facsimile: +1 617 523 1231
aslutsky@goodwinlaw.com
jluz@goodwinlaw.com
kmckenney@goodwinlaw.com

*Counsel for the Caribou Defendants*

**MORGAN, LEWIS & BOCKIUS LLP**

Charlene S. Shimada (SBN 91407)
charlene.shimada@morganlewis.com
Kevin M. Papay (SBN 274161)
kevin.papay@morganlewis.com
Robert H. O'Leary (SBN 284879)
bob.oleary@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

J. Warren Rissier (SBN 197939)
warren.rissier@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor

30

Los Angeles, CA  90071-3132
Tel:     +1.213.612.2500
Fax:     +1.213.612.2501

*Counsel for the Underwriter Defendants*

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RON BERGMAN, Individually and on Behalf of All Others Similarly Situated, | Case No.:  3:23-cv-01742-RFL |
| Plaintiff, | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| v. | |
| CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, JASON V. O'BYRNE, RYAN FISCHESSER, SCOTT BRAUNSTEIN, ANDREW GUGGENHIME, JEFFREY LONG-MCGIE, NATALIE R. SACKS, BOFA SECURITIES INC., CITIGROUP GLOBAL MARKETS, INC., and SVB SECURITIES LLC, | CLASS ACTION<br><br>Hon. Rita F. Lin |
| Defendants. | |

WHEREAS, Lead Plaintiff Ron Bergman and named plaintiff Carl Cooper ("Plaintiffs"), and Defendant Caribou Biosciences, Inc. ("Caribou" or "Company"); Defendants Rachel E. Haurwitz, Jason V. O'Byrne, Ryan Fischesser, Scott Braunstein, Andrew Guggenhime, Jeffrey Long-McGie, and Natalie R. Sacks ("Individual Defendants," and together with Caribou, "Caribou Defendants"); and Defendants BofA Securities, Inc., Citigroup Global Markets Inc., and Leerink Partners LLC f/k/a SVB Securities LLC ("Underwriter Defendants," and together with Caribou Defendants, "Defendants") have entered into the Stipulation of Settlement dated June 28, 2024 ("Stipulation"), which is subject to review under Federal Rule of Civil Procedure ("Rule") 23, and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the securities class action pending before the Court titled *Bergman v. Caribou Biosciences, Inc., et al.*, Case No. 3:23-cv-01742-RFL (N.D. Cal.) ("Action"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2024, that:

1.      Capitalized terms used herein have the meanings defined in the Stipulation.

2.      Pursuant to Rule 23(a) and (b)(3) and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons and entities who purchased Caribou common stock between July 23, 2021 and July 13, 2023, both dates inclusive, and were damaged thereby. Included in the Settlement Class are all persons who purchased Caribou common stock pursuant to and/or traceable to Caribou's registration statement and prospectus issued in connection with its IPO and all persons and entities who purchased Caribou common stock at artificially inflated prices and were damaged thereby. Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the Company's present and former officers and directors during the Settlement Class Period; members of their immediate families and their legal representatives, heirs, successors, or assigns,

and any entity in which any Defendant, or any person excluded under this subsection (b), has or had a majority ownership interest during the Settlement Class Period.

3. This Court finds, preliminarily and for purposes of the Settlement of the Action only, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23, preliminarily and for purposes of the Settlement of the Action only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, selected by Plaintiffs and previously appointed by the Court, is hereby appointed as class counsel for the Settlement Class ("Class Counsel").

5. The Court finds that the Settlement memorialized in the Stipulation (a) resulted from good faith, arm's length negotiations, and (b) is sufficiently fair, reasonable, and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6. The Court hereby preliminarily approves the Settlement, subject to further consideration at a Settlement Hearing pursuant to Rule 23(e), which is hereby scheduled to be held before the Court on _____, 2024 at __:___ _.m. for the following purposes:

(a) to determine finally whether the applicable prerequisites for class action treatment of the Action under Rule 23(a) and (b) are satisfied;

(b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine finally whether to enter the Final Judgment, substantially in the form of Exhibit B to the Stipulation, dismissing the Action on the merits and with

3

prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

(d)     to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider the applications of Class Counsel for awards of attorneys' fees with interest and expenses to Class Counsel and Compensatory Award to Class Representatives;

(f)     to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf), provided that they give proper notice that they intend to appear at the Settlement Hearing; and

(g)     to rule upon such other matters as the Court may deem appropriate.

7.     The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, with or without further notice of any kind. The Court may decide to hold the Settlement Hearing telephonically or by other virtual means without further notice. The Court further reserves the right to enter its Final Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.     The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23, other applicable rules or regulations, or due process of law.

4

9.    The Court approves the form, substance, and requirements of (a) the Long Notice, (b) the Summary Notice, (c) the Proof of Claim, and (d) the Postcard Notice all of which are exhibits to the Stipulation.

10.    Class Counsel has the authority to enter into the Settlement on behalf of Plaintiffs and the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

11.    Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

12.    The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Class Counsel up to $200,000 from the Settlement Fund prior to the Effective Date to pay Administrative Costs. After the Effective Date, additional amounts, up to $100,000, may be transferred from the Settlement Fund to pay for any necessary additional Administrative Costs without further order of the Court.

13.    No later than five Business Days after entry of the Preliminary Approval Order, Caribou shall obtain from its transfer agent, at Caribou's expense, a list of certificate or record holders who may have purchased shares of Caribou common stock during the Settlement Class Period. Caribou shall provide, or cause its transfer agent to provide, to the Claims Administrator a list of the names, addresses, and email addresses (if available) of the record owners of Caribou common stock during the Settlement Class Period in a usable electronic format, such as an Excel spreadsheet. Any information provided to Lead Counsel by the Company pursuant to this paragraph shall be treated as confidential and will be used by Lead Counsel and the Claims Administrator solely to disseminate notice, apprise Settlement Class Members of the Settlement, and/or implement the Settlement.

14.    Within 20 Business Days of the entry of this Order, Class Counsel, through the Claims Administrator, shall either: (a) email links to the location of the Long Notice and Proof of Claim to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses, substantially in the form annexed to the Stipulation as Exhibit A-1 and Exhibit A-3; or

5

(b) if no electronic mail address can be obtained, cause the Postcard Notice to be mailed, by first class mail, postage prepaid, to Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator.

15.    Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Caribou common stock during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within 10 business days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within 10 business days after receipt thereof send copies to such beneficial owners; (ii) request links to the location of the Long Notice and Proof of Claim and email the links to each beneficial owner for whom they are nominee or custodian within 10 business days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners for whom no valid email address is available. If the Claims Administrator receives an email address, it will send a link to the location of the Long Notice and Proof of Claim electronically. Nominees or custodians who elect to email links to the Long Notice and Proof of Claim or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed. Copies of the Long Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses, of up to $0.03 per name, address, and email address provided to the Claims Administrator; up to $0.03 per unit for each Postcard Notice actually mailed, plus postage at the pre-sort rate used by the Claims Administrator; or up to $0.03 per email notice sent, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

6

16.     Class Counsel shall, at least seven days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of the emailing of the Long Notice and mailing of the Postcard Notice as required by this Order.

17.     Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Long Notice and Proof of Claim to be posted on the Claims Administrator's website within 16 days of the entry of this Order.

18.     Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within 10 days after the Postcard Notice mailing or emailing links to the location of the Long Notice and Proof of Claim. Class Counsel shall, at least seven days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

19.     The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

20.     Caribou shall take reasonable steps to complete service promptly on the appropriate federal and state officials of all notices required under the Class Action Fairness Act, 28 U.S.C. §1715, and shall thereafter notify Class Counsel as to completion of such service.

21.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)     A properly completed and executed Proof of Claim must be submitted to the Claims Administrator: (a) electronically through the Claims Administrator's website,

7

www. strategicclaims.net/Caribou , by 11:59 p.m. EST on _____, 2024; or (b) at the Post Office Box indicated in the Notice, sent no later than _____, 2024 (30 days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when: the claim (a) receives a confirmation notice from Strategic Claims Services for electronic submissions; (b) is legibly postmarked if properly addressed and mailed by first class mail provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Settlement Class Member must: (i) be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) be complete, contain no material deletions or modifications of any of the printed matter contained therein, and be signed under penalty of perjury; and (iv) be accompanied by a certification by the person executing the Proof of Claim of their current authority to act on behalf of the Settlement Class Member if they are acting in a representative capacity.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least 10 days) to cure such deficiency, if it shall appear that such deficiency may be cured. If any Claimant whose

8

claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within 10 days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d)     As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim, nor shall any discovery from or of Defendants be allowed on any topic.

22.     All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund but will in all other respects be subject to and bound by the provisions of the Stipulation and the Final Judgment, if entered.

23.     Settlement Class Members shall be bound by all determinations and judgments in the Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion from the Settlement shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, 2024 (21 days prior to the Settlement Hearing) ("Exclusion Deadline"), to the address listed in the Long Notice. In order to be valid, such request for exclusion must: (A) indicate the name, address, phone number, and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement of *Bergman v. Caribou Biosciences, Inc., et al.*, Case No. 3:23-cv-01742-RFL ((N.D. Cal.); and (B) state the date, number of shares, and dollar amount of each Caribou common stock purchase or acquisition and, if applicable, each sale during the Settlement Class Period, as well as the number of shares of Caribou common stock held by the Person as of the opening and closing

9

of the Settlement Class Period. In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale transaction of Caribou common stock during the Settlement Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the Caribou common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the request for exclusion.

24.     The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion that has not been thereafter revoked.

25.     Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

26.     All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

27.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Plan of Allocation, or the Fee and Expense Application, or any other order relating thereto, unless, at least 21 days prior to the Settlement Hearing Date, that Person has filed said objections, papers, and briefs with the Clerk of the Court, U.S. District Court, Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94103.

28.     To be valid, any such objection must contain the Settlement Class Member's: (1) name, address, and telephone number; (2) a list of all purchases and sales of Caribou common stock during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel; (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and instructions pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval. The Court reserves the right to waive the requirement that a Settlement Class Member submit a written objection as a prerequisite to appearing in Court to object to the Settlement upon a showing of good cause.

29.     Any Settlement Class Member who does not substantially comply with objecting in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

11

30. The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket and to approve the Settlement without further notice to the Settlement Class Members.

31. All papers in support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed and served no later than 35 days before the Settlement Hearing.

32. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed no later than 14 days prior to the Settlement Hearing.

33. Defendants, their counsel, and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representative submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

34. Pending final Court approval of the Settlement, the Releasing Parties shall not seek relief in any forum, and all proceedings in the Action or otherwise shall be stayed and suspended, except that the Parties shall take all such action and file such papers as are necessary and appropriate to effect the consummation and approval of the Settlement. Pending final Court approval, all Releasing Parties shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.

35. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and Plan of Allocation and/or further order(s) of the Court.

36. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their counsel, or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that Class

12

Representatives or any Settlement Class Members directly have suffered any damages, harm, or loss. Further, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in the Action.

37.     In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her, or its respective litigation positions as they existed prior to April 22, 2024, pursuant to the terms of the Stipulation.

38.     The Court reserves the right to alter the time or date of the Settlement Hearing without further notice to the Settlement Class Members, provided that the time or date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim submitted and any future requests by one or more of the Parties that the Judgment, the releases and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: _____, 2024

_____
HON. RITA F. LIN
UNITED STATES DISTRICT JUDGE

13

# Exhibit A-1

Exhibit A-1

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RON BERGMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>     v.<br><br>CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, JASON V. O'BYRNE, RYAN FISCHESSER, SCOTT BRAUNSTEIN, ANDREW GUGGENHIME, JEFFREY LONG-MCGIE, NATALIE R. SACKS, BOFA SECURITIES INC., CITIGROUP GLOBAL MARKETS, INC., and SVB SECURITIES LLC,<br><br>    Defendants. | Case No.:  3:23-cv-01742-RFL<br><br>CLASS ACTION |

## NOTICE OF PENDENCY AND
## PROPOSED SETTLEMENT OF CLASS ACTION

If you purchased Caribou Biosciences, Inc. ("Caribou" or "Company") common stock between July 23, 2021 and July 13, 2023, both dates inclusive ("Settlement Class Period"), you could get a payment from a class action settlement ("Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide $3,900,000 ("Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased Caribou common stock during the Settlement Class Period.

- The approximate recovery, before deduction of attorneys' fees and expenses approved by the Court, is an average of $.08 per allegedly damaged share of Caribou common stock. This estimate is based on the assumptions set forth in the following two paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Caribou common stock, the purchase and sale prices, and the total number and amount of claims filed.

Exhibit A-1

- Attorneys for Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of up to 28% of the Settlement Amount, or $1,092,000, reimbursement of litigation expenses of no more than $60,000, and Compensatory Award to Plaintiffs not to exceed $5,000 to Lead Plaintiff and $2,500 to named Plaintiff, or $7,500 total. Collectively, the attorneys' fees and expenses and awards to Plaintiffs are estimated to average $0.02 per allegedly damaged share of Caribou common stock. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The Settlement represents an estimated average recovery of $0.06 per allegedly damaged share of Caribou common stock for the approximately 50.6 million allegedly damaged shares traded during the Settlement Class Period. Shares may have been traded more than once during the Settlement Class Period. This estimate solely reflects the average recovery per allegedly damaged share of Caribou common stock. The indicated average recovery per share will be the total average recovery for all purchasers of that share. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Caribou common stock, and the total number of claims filed.

- The Settlement resolves the Action concerning whether Caribou, Rachel Haurwitz, Jason O'Byrne, Ryan Fischesser, Scott Braunstein, Andrew Guggenhime, Jeffrey Long-McGie, and Natalie Sacks, and underwriter defendants BofA Securities, Inc., Citigroup Global Markets, Inc., and Leerink Partners LLC f/k/a SVB Securities LLC (collectively, "Defendants") violated the federal securities laws because of alleged misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission or in other public statements to the investing public. Defendants deny each and every claim and contention alleged in the Action and deny any misconduct wrongdoing, or liability whatsoever, including by any of Caribou's officers, directors, or employees or the underwriter defendants.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM NO LATER THAN** _____ _____, 2024 | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN** _____ _____, 2024 | Get no payment. This is the only option that allows you to be part of any other lawsuit against the Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN** _____ _____, 2024 | Write to the Court about why you do not like the settlement. |

2

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

| GO TO A HEARING ON _____ _____, 2024 | You may ask to speak in Court about the fairness of the Settlement. |
|---|---|
| **DO NOTHING** | Get no payment. Give up rights. |

## INQUIRIES

**Please do not contact the Court regarding this notice.** All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Settlement Class Members should be directed to:

Caribou Biosciences, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
Email: info@strategicclaims.net

**or**

Sara Fuks
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel.: 212-686-1060
Fax: 212-202-3827
Email: sfuks@rosenlegal.com

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated June 28, 2024 ("Stipulation").

## TABLE OF CONTENTS

1. Why did I get this Notice? ...............................................................................................Page 4
2. What is this lawsuit about? .............................................................................................Page 4
3. Why is this a class action? ..............................................................................................Page 4
4. Why is there a Settlement? .............................................................................................Page 5
5. How do I know if I am part of the Settlement? .............................................................Page 5
6. Are there exceptions to being included? .......................................................................Page 5
7. I am still not sure whether I am included. .....................................................................Page 5
8. What does the Settlement provide? ................................................................................Page 6
   Proposed Plan of Allocation of the Net Settlement Fund .............................................Page 7
   The Basis for Calculating Your Recognized Loss: ........................................................Page 8
9. How can I get a payment? ...............................................................................................Page 11
10. What am I giving up to get a payment or stay in the Class? .......................................Page 11
11. How do I exclude myself from the Settlement? ............................................................Page 12
12. If I do not exclude myself, can I sue Defendants later? ..............................................Page 12
13. Do I have a lawyer in this case? ....................................................................................Page 12
14. How will the lawyers be paid? .......................................................................................Page 13
15. How do I tell the Court that I object to the Settlement? .............................................Page 13

3
NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

16.  What is the difference between objecting and requesting exclusion? .........................Page 14
17.  When and where will the Court decide whether to approve the Settlement? ...............Page 14
18.  Do I have to come to the hearing? ...........................................................................Page 14
19.  What happens if I do nothing at all? ........................................................................Page 14
20.  Can I see the Court file? Whom should I contact if I have questions?  ........................Page 15

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

**1.    Why did I get this Notice?**

You or someone in your family may have purchased Caribou common stock between July 23, 2021 and July 13, 2023, both dates inclusive.

**2.    What is this lawsuit about?**

The case is known as *Bergman v. Caribou Biosciences, Inc., et al.,* Case No. 3:23-cv-01742-RFL (N.D. Cal.) ("Action"). The Action is pending in the United States District Court for the Northern District of California.

The Action involves Plaintiffs' allegations that Defendants violated the federal securities laws because of alleged false or misleading statements in Caribou's filings with the U.S. Securities and Exchange Commission or other public statements to investors. The Complaint asserts that the alleged misstatements or omissions artificially inflated the price of Caribou common stock, and that the stock price dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny the allegations in the Complaint and all charges of wrongdoing or liability against Caribou, any of its officers, directors, or employees, or the underwriter defendants. The Settlement shall in no event be construed as, or deemed to be evidence of, an admission or concession by any of the Defendants with respect to any claim or any fault or wrongdoing or damage to the Settlement Class Members or any other person. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims.

A parallel class action alleging claims under the Securities Act of 1933 (the "Securities Act") against the Caribou Defendants was filed in the Superior Court of the State of California, Alameda County. *Lowry v. Caribou Biosciences, Inc., et al.*, Case No. 23CV029855 ("*Lowry*"). On April 15, 2024, the court issued an order dismissing the *Lowry* action on the ground that Caribou's certificate of incorporation contained a forum selection clause providing that the federal district courts of the United States shall be the exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act.

**3.    Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who validly exclude themselves from the class.

4

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

**4.    Why is there a Settlement?**

Plaintiffs and Defendants do not agree regarding the merits of Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Defendants disagree include: (1) whether the Caribou Defendants made any statements that were materially false or misleading or otherwise actionable under federal securities law; (2) whether the Caribou Defendants acted with an intent to deceive or deliberate recklessness; (3) to the extent any statements were materially false or misleading, whether any subsequent disclosures corrected any prior statements by the Caribou Defendants; (4) the causes of the loss in the value of the stock; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial. Instead, Plaintiffs and Defendants have agreed to settle the case. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses Defendants would raise. Among the reasons that Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they would prevail on Defendants' motions to dismiss (or in any further stages of the case, including trial), whether they would be able to prevail on a motion for class certification, and whether they would be able to prove that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Plaintiffs were to win at trial, and also prevail on any on appeal brought by Defendants, Plaintiffs might not be able to collect some, or all, of any judgment the class may be awarded. Moreover, litigation of this type is usually expensive, and it appears that even if Plaintiffs' allegations were eventually found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

**5.    How do I know if I am part of the Settlement?**

To be a Settlement Class Member, you must have purchased Caribou common stock during the period between July 23, 2021 and July 13, 2023, both dates inclusive.

**6.    Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are (i) persons who suffered no compensable losses; (ii) persons who validly exclude themselves from the Settlement Class, as described below; (iii) Defendants; the present and former officers and directors of the Company during the Settlement Class Period; members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (iii), has or had a majority ownership interest during the Settlement Class Period.

**7.    I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone

5

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

at (866) 274-4004, by facsimile at (610) 565-7985, by email at info@strategicclaims.net, or by visiting the website www.strategicclaims.net/Caribou, or you can fill out and return the Proof of Claim described in Question 9, to see if you qualify.

8.    **What does the Settlement provide?**

(a)    **What is the Settlement Fund?**

The proposed Settlement provides that Caribou pay $3,900,000 into a Settlement Fund ("Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees and reasonable litigation expenses to Lead Counsel and any Compensatory Award to Plaintiffs for reimbursement of reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the notice and claims administration expenses permitted by the Court, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed according to the Plan of Allocation to Settlement Class Members who submit timely, valid Proof of Claim forms.

(b)    **What can I expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold Caribou common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Plaintiffs and to Lead Counsel for attorneys' fees, costs, and expenses.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that because of the alleged misrepresentations made by Defendants, the price of Caribou common stock was artificially inflated during the relevant period and that certain subsequent disclosures caused changes in the inflated price of Caribou common stock. Defendants have denied these allegations.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

## PROPOSED PLAN OF ALLOCATION
## OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/Caribou.

To the extent there are sufficient funds remaining in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss. If, however, the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any of the Net Settlement Fund remains by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to the Bay Area Financial Education Foundation.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

**(I)    Section 10(b)-5 Claim: Recognized Loss for Caribou's common stock purchased during the Settlement Class Period (excluding shares purchased in and traceable to the July 23, 2021 Initial Public Offering) will be calculated as follows:**

(A)    For shares purchased during the Settlement Class Period <u>and sold during the Settlement Class Period</u>, the Recognized Loss per share will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below) less the inflation per share upon sale (as set forth in Inflation Table A below); or (2) the purchase price per share minus the sales price per share.

(B)    For shares purchased during the Settlement Class Period <u>and sold during the period July 14, 2023 to October 11, 2023</u>, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table B below.

(C)    For shares purchased during the Settlement Class Period <u>and retained as of the close of trading on October 11, 2023</u>, the Recognized Loss will be the *lesser* of: (1) the inflation per share upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per share minus $5.96[1] per share.

**(II)    Section 11 Claim: For shares of Caribou common stock purchased pursuant and/or traceable to the July 23, 2021 Initial Public Offering (the "IPO")[2], the Recognized Loss will be calculated as follows:**

(A)    For each share of Caribou's common stock sold on or before the close of trading on April 11, 2023[3], the Recognized Loss per share is the difference between the

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $5.96 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on July 14, 2023 and ending on October 11, 2023.

[2] Only shares purchased from July 23, 2021 through January 28, 2022 will be considered shares purchased under Section 11. Shares purchased after January 28, 2022 (180 days after the IPO) are not traceable to the IPO and will not be considered purchased shares under Section 11. Shares purchased from January 29, 2022 to July 13, 2023, inclusive, will be considered shares purchased under Section 10(b)-5.

[3] The filing date of the initial lawsuit in this matter.

8

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

purchase price per share, not to exceed the IPO price of $16.00 per share, and the sales price per share for each share sold.

(B)    For each share of Caribou common stock held as of the close of trading on April 11, 2023 the Recognized Loss per share is the difference between the purchase price per share, not to exceed the IPO price of $16.00 per share, and $4.57 per share.[4]

| INFLATION TABLE A | |
| --- | --- |
| Caribou Common Stock Purchased During the Settlement Class Period | |
| **Period** | **Inflation** |
| July 13, 2021 to June 9, 2022, inclusive | $4.57 per share |
| June 10, 2022 to June 12, 2022, inclusive | $3.26 per share |
| June 13, 2022 to July 13, 2023, inclusive | $1.81 per share |
| After July 13, 2023 | $0.00 per share |

**Table B**

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
| --- | --- | --- | --- | --- | --- |
| 7/14/2023 | $6.30 | $6.30 | 8/29/2023 | $6.25 | $6.61 |
| 7/17/2023 | $6.29 | $6.30 | 8/30/2023 | $6.00 | $6.58 |
| 7/18/2023 | $6.91 | $6.50 | 8/31/2023 | $5.89 | $6.56 |
| 7/19/2023 | $6.71 | $6.55 | 9/1/2023 | $5.88 | $6.54 |
| 7/20/2023 | $6.62 | $6.57 | 9/5/2023 | $6.22 | $6.53 |
| 7/21/2023 | $6.62 | $6.58 | 9/6/2023 | $6.11 | $6.52 |
| 7/24/2023 | $6.65 | $6.59 | 9/7/2023 | $5.79 | $6.50 |
| 7/25/2023 | $6.57 | $6.58 | 9/8/2023 | $5.76 | $6.48 |
| 7/26/2023 | $6.65 | $6.59 | 9/11/2023 | $6.39 | $6.48 |
| 7/27/2023 | $6.38 | $6.57 | 9/12/2023 | $6.10 | $6.47 |
| 7/28/2023 | $6.83 | $6.59 | 9/13/2023 | $5.60 | $6.45 |
| 7/31/2023 | $7.19 | $6.64 | 9/14/2023 | $5.65 | $6.43 |
| 8/1/2023 | $7.31 | $6.69 | 9/15/2023 | $5.86 | $6.42 |
| 8/2/2023 | $7.06 | $6.72 | 9/18/2023 | $5.26 | $6.39 |
| 8/3/2023 | $6.84 | $6.73 | 9/19/2023 | $5.45 | $6.37 |
| 8/4/2023 | $6.72 | $6.73 | 9/20/2023 | $5.27 | $6.35 |
| 8/7/2023 | $6.58 | $6.72 | 9/21/2023 | $5.26 | $6.33 |
| 8/8/2023 | $6.54 | $6.71 | 9/22/2023 | $5.09 | $6.30 |

[4] This represents the closing price per share of Caribou's common stock on April 11, 2023, the filing date of the initial lawsuit in this matter.

9

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

| | | | | | |
|---|---|---|---|---|---|
| 8/9/2023 | $6.92 | $6.72 | 9/25/2023 | $4.96 | $6.28 |
| 8/10/2023 | $7.21 | $6.75 | 9/26/2023 | $4.91 | $6.25 |
| 8/11/2023 | $6.96 | $6.76 | 9/27/2023 | $4.69 | $6.22 |
| 8/14/2023 | $6.71 | $6.75 | 9/28/2023 | $4.73 | $6.19 |
| 8/15/2023 | $6.58 | $6.75 | 9/29/2023 | $4.78 | $6.17 |
| 8/16/2023 | $6.43 | $6.73 | 10/2/2023 | $4.53 | $6.14 |
| 8/17/2023 | $6.12 | $6.71 | 10/3/2023 | $4.63 | $6.11 |
| 8/18/2023 | $6.09 | $6.68 | 10/4/2023 | $4.52 | $6.09 |
| 8/21/2023 | $6.21 | $6.67 | 10/5/2023 | $4.59 | $6.06 |
| 8/22/2023 | $6.31 | $6.65 | 10/6/2023 | $4.54 | $6.03 |
| 8/23/2023 | $6.40 | $6.65 | 10/9/2023 | $4.40 | $6.01 |
| 8/24/2023 | $6.31 | $6.63 | 10/10/2023 | $4.53 | $5.98 |
| 8/25/2023 | $6.26 | $6.62 | 10/11/2023 | $4.42 | $5.96 |
| 8/28/2023 | $6.25 | $6.61 | | | |

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on their Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.

For purposes of calculating your Recognized Loss, the date of purchase or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the Company's company stock shall not be deemed a purchase or sale of the Company's company stock for the calculation of a Claimant's Recognized Loss.

For purposes of calculating your Recognized Loss, all purchases and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must provide all your purchases and sales of Company stock shares during the period from July 23, 2021 through and including July 13, 2023.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund,

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.      How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This form is attached to this Notice. You may also obtain this form on the Internet at www.strategicclaims.net/Caribou. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Proof of Claim and Release Form may be completed by either: (1) completing and submitting it electronically at www.strategicclaims.net/Caribou by 11:59 p.m. EST on _____, 2024; or (2) mailing the Proof of Claim form together with all documentation requested in the form, postmarked no later than _____, 2024 to the Claims Administrator at:

Caribou Biosciences, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: 610-565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.      What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself from the Settlement Class by the _____, 2024 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against the Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members, Class Counsel and each of their respective past or present parent entities, trustees, officers, directors, partners, principals, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, agents, predecessors, successors, general or limited partnerships, limited liability companies, insurers, co-insurers, controlling shareholders, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against the Defendants and other Released Parties any and all claims which arise out of, are based upon or relate in any way to the allegations in the Action or the purchase of Caribou common stock pursuant and/or traceable to Caribou's July 2021 IPO or during the Settlement Class Period. The release also covers the claims that were or could have been alleged in the *Lowry* action. All of the Court's orders will apply to you and legally bind you. You will accept a share of the Net Settlement Fund as the sole compensation for any losses you suffered in the purchase of Caribou common stock during the Settlement Class Period. This is a general description of what you are giving up by staying in the Class. The specific terms of the release and other terms that affect your legal rights are included in the Stipulation, which you can read by visiting the website www.strategicclaims.net/Caribou.

11
NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

**11.    How do I exclude myself from the Settlement?**

If you do not want to receive a payment from this Settlement, and want to keep any right you may have to sue or continue to sue Defendants on your own based on the legal claims raised in the Action, then you must take steps to get out of the Settlement. To exclude yourself from the Settlement, you must mail either: 1) the attached opt-out form filled out and signed with all of the requested information, or 2) a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Bergman v. Caribou Biosciences, Inc., et al.,* Case No. 3:23-cv-01742-RFL (N.D. Cal.)" and states (B) the date, number of shares and dollar amount of each Caribou common stock purchase during the Settlement Class Period, and any sale transactions, and (C) the number of shares of Caribou common stock held by you as of the opening and closing of the Settlement Class Period. To be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase and, if applicable, sale transaction of Caribou common stock during the Settlement Class Period, and (ii) demonstrating your status as a beneficial owner of the Caribou common stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be received no later than _____ __, 2024, to the Claims Administrator at the following address:

Caribou Biosciences, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail**. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the Final Judgment in this case.

**12.    If I do not exclude myself, can I sue Defendants later?**

Unless you followed the procedure outlined in this Notice and the Court's Preliminary Approval Order to exclude yourself, you give up any right to sue the Defendants or other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit or are considering filing a lawsuit related to any Released Claims, speak to your lawyer immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.    Do I have a lawyer in this case?**

The Court has appointed The Rosen Law Firm, P.A. and the Schall Law Firm as co-Lead Counsel to represent the Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for The Rosen Law Firm, P.A. is provided above.

12
NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

14.     **How will the lawyers be paid?**

Lead Counsel have expended considerable time litigating this action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed 28% of the Settlement Amount, or $1,092,000, plus interest, reimbursement of litigation expenses of no more than $60,000, and Compensatory Award to Plaintiffs not to exceed $5,000 to Lead Plaintiff and $2,500 to named Plaintiff, or $7,500 total. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

15.     **How do I tell the Court that I object to the Settlement?**

You can ask the Court to deny approval by filing an objection to any part of the Settlement, or Lead Counsel's motion for attorneys' fees and expenses and application for a Compensatory Award to Plaintiffs and explaining that you think the Court should not approve the Settlement. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. To file an objection, you must mail either the attached objection form with all of the required information filled out or a letter stating that you object to the Settlement in the matter of *Bergman v. Caribou Biosciences, Inc. et al.,* Case No. 3:23-cv-01742-RFL. Be sure to include: (1) your name, address, and telephone number; (2) a list of all purchases and sales of Caribou common stock during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address, and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Objections must be in writing. If you appear through your own attorney, you are responsible for hiring and paying that attorney. Objections can be submitted to the Court either by mailing them to the Clerk, United States District Court

13

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94103, or by filing them in person at any location of the United States District Court for the Northern District of California, and must be filed or received on or before _____, 2024. Notwithstanding the above, the Court will require only substantial compliance with the above requirements for submitting an objection. The Court may excuse the requirement that you submit a written objection in order to appear at the Settlement Hearing upon a showing of good cause.

16.  **What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

17.  **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on _____ _____, 2024 at __:__, _.m., at the United States District Court, Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, Courtroom 15, 18th Floor, San Francisco, California 94102, or by telephonic or videoconference means as directed by the Court. The Court may change the date of the Settlement Hearing without further notice to the Settlement Class. Settlement Class Members should check the settlement website, www.strategicclaims.net/Caribou, or the Court's PACER system at https://ecf.cand.uscourts.gov, to confirm that the date has not been changed.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to award Lead Counsel for attorneys' fees and expenses and how much to award Plaintiffs as a Compensatory Award.

18.  **Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

19.  **What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Stipulation) ever again.

14

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

**20.    Can I see the Court file? Whom should I contact if I have questions?**

This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the settlement, please see the Stipulation available at www.strategicclaims.net/Caribou, by contacting Lead Counsel at (212) 686-1060, by accessing the Court docket in this case, for a fee, through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

All inquiries concerning this Notice and the Proof of Claim form should be directed to the Claims Administrator or Lead Counsel at:

| | | |
|---|---|---|
| Caribou Biosciences, Inc. Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.: 866-274-4004<br>Fax: 610-565-7985<br>info@strategicclaims.net | **or** | Sara Fuks<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Tel.: 212-686-1060<br>Fax: 212-202-3827<br>sfuks@rosenlegal.com |

**DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If, between July 23, 2021 and July 13, 2023, both dates inclusive, you purchased Caribou common stock for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN BUSINESS DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and email address of each person or organization for whom or which you purchased such Caribou common stock during the Settlement Class Period; (b) request a link to the location where the Long Notice and Proof of Claim are hosted and, within ten business days of receipt, email the link to all such beneficial owners of the Caribou common stock for whom valid email addresses are available; or (c) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten business days mail the Postcard Notice directly to the beneficial owners of the Caribou common stock. If you choose to follow either alternative procedure (b) or (c), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in

15

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

connection with the foregoing, up to a maximum of $0.03 plus postage at the pre-sort rate unit by the Claims Administrator per Postcard Notice mailed, $0.03 per link to the electronic Long Notice and Proof of Claim emailed; or $0.03 per name, address and email address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED: _____ _____, 2024            _____
                                           BY  ORDER  OF  THE  UNITED  STATES
                                           DISTRICT  COURT  FOR  THE  NORTHERN
                                           DISTRICT OF CALIFORNIA

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

# REQUEST TO BE EXCLUDED FROM THE SETTLEMENT CLASS

**IF YOU WANT TO REMAIN IN THE SETTLEMENT CLASS AND REMAIN ELIGIBLE TO RECEIVE MONEY FROM THE SETTLEMENT IN THIS CASE, <u>DO NOT RETURN THIS FORM</u>**

In completing and submitting this form, you will be excluded from the Settlement Class, which means that you will not be legally bound by the Final Judgment in this case and will retain any right you may have to sue or continue to sue Defendants on your own based on the legal claims raised in the Action, but you will not receive a payment from the Net Settlement Fund, and you cannot object to the Settlement. In lieu of submitting this opt-out form, you may send a letter requesting exclusion to the Claims Administrator in the manner specified in the accompanying Notice.

| Beneficial Owner Name: | | |
|---|---|---|
| | | |
| Address: | | |
| | | |
| City: | State: | ZIP: |
| Foreign Province: | Foreign Country: | |
| Day Phone: | Evening Phone: | |
| Email: | | |

**If you want to opt out and be excluded from the class, please check the box, list your transactions and holdings in Caribou common stock in the following schedule, provide documentation of your transactions and holdings, and sign where indicated below.**

☐    I (we) request to be excluded from the Settlement Class in, Bergman v. Caribou Biosciences, Inc., et al., Case No. 3:23-cv-01742-RFL (N.D. Cal.).

### Schedule of Transactions in Caribou Biosciences Inc. Common Stock

Please list (i) the date, number of shares and dollar amount of each Caribou common stock purchase during the Settlement Class Period, and any sale transactions; and (ii) the number of shares of Caribou common stock held by you as of the opening and closing of the Settlement Class Period (*must be documented*):

Holdings of Caribou common stock as of the opening of trading on July 23, 2021: _____

| Transaction Type (Purchase / Sale) | Purchase/Acquisition/Sale Date MM/DD/YY (List Chronologically) | Number Of Shares Purchased Or Sold | Purchase/Sale Price |
|---|---|---|---|
| | | | |
| | | | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

*If you require additional space, please attach extra schedules in the same format as above.

Holdings of Caribou common stock as of the close of trading on July 13, 2023: _____

_____          _____

Date Signed                                   (Sign your name(s) here)

_____
(Print your name(s) here)

_____
(Capacity of person signing, *e.g.*, Class Member, Executor, Representative, or Administrator)

**TO BE EXCLUDED FROM THE SETTLEMENT, THIS FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR AT THE FOLLOWING ADDRESS SO THAT IT IS RECEIVED NO LATER THAN _____, 2024:**

Caribou Biosciences, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

18
NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-1

# OBJECTION FORM

In completing and submitting this form, you will be filing an objection and explaining that you think the Court should not approve the Settlement, any part of the Settlement, or Lead Counsel's motion for attorneys' fees and expenses and application for a Compensatory Award to Plaintiffs. **If you object, you will still be a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Parties if the Settlement is approved; as a Settlement Class Member, you may also file a Proof of Claim and Release Form if you would like to be eligible for any recovery from the Settlement**. In lieu of submitting this objection form, you may send a letter stating your objection to the address listed in the attached Notice.

| | | |
|---|---|---|
| Beneficial Owner Name: | | |
| Address: | | |
| City: | State: | ZIP: |
| Foreign Province: | Foreign Country: | |
| Phone: | | |
| Email: | | |

**If you want to object to the settlement, please state your reasons for objecting on the following lines, list your transactions in Caribou common stock in the schedule below, and sign where indicated. <u>If you wish to be heard orally at the Final Approval Hearing</u>, please also indicate your intention to appear on the following lines (or in a separate writing according to the specifications in the Notice).**

**Reasons why you object to the settlement:**

_____

_____

_____

_____

_____

*If you require additional space, please attach extra pages.

### Schedule of Transactions in Caribou Biosciences Inc. Common Stock

Please list the date, number of shares and dollar amount of each Caribou common stock purchase and any sale transactions during the Settlement Class Period:

| Transaction Type (Purchase / Sale) | Purchase/Acquisition/Sale Date MM/DD/YY (List Chronologically) | Number Of Shares Purchased Or Sold | Purchase/Sale Price |
|---|---|---|---|
| | | | |
| | | | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

*If you require additional space, please attach extra schedules in the same format as above.

_____          _____
Date Signed                       (Sign your name(s) here)


                                  _____
                                  (Print your name(s) here)


                                  _____
                                  (Capacity of person signing, *e.g.*, Class Member,
                                  Executor, Representative, or Administrator)

**TO OBJECT TO THE SETTLEMENT, THIS FORM MUST BE MAILED TO THE FOLLOWING ADDRESS SO THAT IT IS RECEIVED NO LATER THAN _____, 2024:**

Clerk of the Court
U.S. District Court
Northern District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, California 94102

**YOU MAY ALSO FILE YOUR OBJECTION IN PERSON AT ANY LOCATION OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA ON OR BEFORE _____, 2024.**

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

# Exhibit A-2

EXHIBIT A-2

# PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:** _____

If you purchased Caribou Biosciences, Inc. ("Caribou" or "Company") common stock between July 23, 2021 and July 13, 2023, both dates inclusive ("Settlement Class Period"), or if you purchased Caribou common stock pursuant and/or traceable to Caribou's July 2021 initial public offering, you are a "Settlement Class Member" and you may be entitled to share in the settlement proceeds. (Excluded from the Settlement Class are Defendants; the Company's present and former officers and directors during the Settlement Class Period; members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendant, or any other excluded person listed herein, has or had a majority ownership interest during the Settlement Class Period. Also excluded are those who validly opt-out.)

If you are a Settlement Class Member, you must complete and submit this Proof of Claim and Release Form ("Proof of Claim") in order to be eligible for any Settlement benefits. You can complete and submit the electronic version of this Proof of Claim by 11:59 p.m. EST on _____, 2024 at www.strategicclaims.net/Caribou.

If you do not complete and submit an electronic version of this Proof of Claim, you must complete and sign this Proof of Claim and mail it by first class mail, received no later than _____, 2024, to Strategic Claims Services, the Claims Administrator, at the following address:

Caribou Biosciences, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

Your failure to submit your claim by _____, 2024 will subject your claim to rejection and preclude you from receiving any money in connection with the Settlement of this Action. Do not mail or deliver your claim to the Court or to any of the Parties or their counsel, as any such claim will be deemed not to have been submitted. Submit your claim only to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Proof of Claim, you will not share in the Settlement, but you nevertheless will be bound by the Order and Final Judgment of the Court unless you exclude yourself.

Submission of a proof of claim does not assure that you will share in the proceeds of the Settlement.

1

EXHIBIT A-2

## CLAIMANT'S STATEMENT

1. I (we) purchased Caribou Biosciences, Inc. ("Caribou") common stock during the Settlement Class Period. (Do not submit this Proof of Claim if you did not purchase Caribou common stock during the Settlement Class Period.)

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above or am (are) acting for such person(s); that I am (we are) not a Defendant(s) in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice of Pendency and Proposed Settlement of Class Action ("Notice"); that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund; that I (we) elect to participate in the proposed Settlement; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4. I (we) have set forth, where requested below, all relevant information with respect to each purchase or acquisition of Caribou common stock during the Settlement Class Period, and each sale, if any, of the same. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, and sale of Caribou common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

2

7. Upon the occurrence of the Court's approval of the Settlement, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) past and present parent entities, trustees, officers, directors, partners, principals, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, agents, predecessors, successors, general or limited partnerships, limited liability companies, insurers, co-insurers, controlling shareholders, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates) of each of the "Released Parties" of all "Released Claims" as those terms are defined in the Stipulation of Settlement, dated June 28, 2024 ("Stipulation").

8. Upon the occurrence of the Court's approval of the Settlement, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) past and present parent entities, trustees, officers, directors, partners, principals, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, agents, predecessors, successors, general or limited partnerships, limited liability companies, insurers, co-insurers, controlling shareholders, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9. "Released Parties" has the meaning provided in the Stipulation.

10. "Released Claims" has the meaning provided in the Stipulation.

11. "Unknown Claims" has the meaning provided in the Stipulation.

12. I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) respective current and former officers, directors, partners, members, principals, controlling shareholders, accountants or auditors, agents, parents, heirs, immediate family members, personal or legal representatives, affiliates, subsidiaries, executors, trustees, administrators, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such, shall be deemed to have, and by operation of law and of the Order and Final Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Claim (including, without limitation, any Unknown Claims) against the Defendants and the other Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Parties.

EXHIBIT A-2

13. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with the authority to file on behalf of (a) accounts of multiple Persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at efile@strategicclaims.net or by visiting the website www.strategicclaims.net/institutional-filers/. One spreadsheet may contain the information for multiple Persons and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The transactions and holdings in Caribou common stock should be reported in the electronic file so that each resulting Claim corresponds to a single Legal Entity, regardless of the number of individually managed accounts the Legal Entity has, as only one Claim will be processed per Legal Entity (e.g. a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report one total holding at the start of the Settlement Class Period, one total holding at the end of the Settlement Class Period, and a single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts; this would constitute and be processed a single Claim). The Claims Administrator reserves the right to combine a Legal Entity's accounts into a single Claim prior to processing in the event that a Legal Entity's accounts are divided across multiple Claims when submitted by a Representative Filer. The Claims Administrator also reserves the right to request additional documentary proof regarding a Legal Entity's transactions and holdings in Caribou common stock to prove and accurately process the Claim.

14. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net/Caribou.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

4

EXHIBIT A-2

### I. CLAIMANT INFORMATION

| | | |
|---|---|---|
| Beneficial Owner Name: | | |
| | | |
| Address: | | |
| | | |
| City: | State: | ZIP: |
| Foreign Province: | Foreign Country: | |
| Day Phone: | Evening Phone: | |
| Email: | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

### II. SCHEDULE OF TRANSACTIONS IN CARIBOU BIOSCIENCES, INC. COMMON STOCK

**Purchases/Acquisitions:**

A.  Separately list each and every purchase or acquisition of Caribou Biosciences, Inc. ("Caribou") common stock between July 23, 2021 and October 11, 2023, both dates inclusive, and provide the following information (*must be documented*):[1]

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

---

[1] Please note: Information requested with respect to your purchases of Caribou common stock after July 13, 2021, will be used to balance your claim only.  Purchases during this period are not eligible for any settlement benefits.

**Sales:**
B. Separately list each and every sale of Caribou Biosciences common stock between July 23, 2021 and October 11, 2023, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

C.  State the total number of shares of Caribou common stock held at the close of trading on October 11, 2023 (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | **or** | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ | | _____ |

## IV. CERTIFICATION

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or

6

EXHIBIT A-2

sales of Caribou common stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)
    Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

7

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ELECTRONICALLY AT WWW.STRATEGICCLAIMS.NET/CARIBOU BY 11:59 P.M. EST ON _____, 2024, OR MAILED TO THE CLAIMS ADMINISTRATOR AT THE BELOW ADDRESS, SENT NO LATER THAN _____, 2024:**

Caribou Biosciences, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2024, and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

o   Please be sure to sign this Proof of Claim on page 7. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move or change your address, telephone number, or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or to deliver payment to you.

8

# Exhibit A-3

Exhibit A-3

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RON BERGMAN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 3:23-cv-01742-RFL |
| Plaintiff, | CLASS ACTION |
| v. | |
| CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, JASON V. O'BYRNE, RYAN FISCHESSER, SCOTT BRAUNSTEIN, ANDREW GUGGENHIME, JEFFREY LONG-MCGIE, NATALIE R. SACKS, BOFA SECURITIES INC., CITIGROUP GLOBAL MARKETS, INC., and SVB SECURITIES LLC, | |
| Defendants. | |

**SUMMARY NOTICE OF PENDENCY
AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO:  ALL PERSONS WHO PURCHASED CARIBOU BIOSCIENCES, INC. ("CARIBOU") COMMON STOCK BETWEEN JULY 23, 2021 AND JULY 13, 2023, BOTH DATES INCLUSIVE**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on _____ _____, 2024 at __:__ _.m. before the Honorable Rita F. Lin, United States District Judge for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 15, 18th Floor, San Francisco, CA 94102, or by telephonic or videoconference means as directed by the Court, for the purpose of determining:

Exhibit A-3

(1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $3,900,000 should be approved by the Court as fair, reasonable, and adequate;

(2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate;

(3) whether the application by Lead Counsel for an award of attorneys' fees of up to 28% of the Settlement Amount (or $1,092,000), reimbursement of expenses of no more than $60,000, and a Compensatory Award of reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class of no more than $7,500 total for Plaintiffs should be approved; and

(4) whether the Action should be dismissed with prejudice as set forth in the Stipulation of Settlement, dated June 28, 2024 ("Stipulation").

If you purchased Caribou common stock between July 23, 2021 and July 13, 2023, both dates inclusive ("Settlement Class Period"), or if you purchased Caribou common stock pursuant and/or traceable to Caribou's July 2021 initial public offering, your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Caribou common stock. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and a copy of the Proof of Claim and Release Form ("Proof of Claim"), you may obtain copies by contacting the Claims Administrator at: Caribou Biosciences, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, Telephone: (866) 274-4004, Facsimile: (610) 565-7985, info@strategicclaims.net. You may also download copies of the Long Notice and submit your Proof of Claim online at www.strategicclaims.net/Caribou. If you are a

2

SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Exhibit A-3

member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a properly completed Proof of Claim electronically or sent no later than _____ _____, 202_ to the Claims Administrator, establishing that you are entitled to recovery.

If you are a Settlement Class Member and desire to be excluded from the Settlement Class, you must submit a request for exclusion, in the manner and form explained in the Long Notice, to the Claims Administrator so that it is received no later than _____ _____, 2024. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

Any objection to the Settlement, Plan of Allocation, Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses, or the Compensatory Award to Plaintiffs must be in the manner and form explained in the Long Notice and received no later than _____, 2024, by the Clerk of the Court, U.S. District Court, Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102.

If you have any questions about the Settlement, you may call or write to Lead Counsel:

THE ROSEN LAW FIRM, P.A.
Sara Fuks
275 Madison Avenue, 40th Floor
New York, NY 10016
212-686-1060

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED: _____ _____, 2024          _____

                                        BY ORDER OF THE UNITED STATES
                                        DISTRICT COURT FOR THE NORTHERN
                                        DISTRICT OF CALIFORNIA

3
SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

# Exhibit A-4

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a Securities Class Action Settlement*

*You may be entitled to a payment. This Notice may affect your legal rights.*

*Please read it carefully.*

Caribou Biosciences, Inc. Securities
Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

*Bergman v. Caribou Biosciences, Inc., et al., Case No. 3:23-cv-01742-RFL (N.D. Cal.)*
*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/CARIBOU OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

There has been a proposed Settlement of all claims against Caribou Biosciences, Inc. ("Caribou"), Rachel Haurwitz, Jason O'Byrne, Ryan Fischesser, Scott Braunstein, Andrew Guggenhime, Jeffrey Long-McGie, and Natalie Sacks, and underwriter defendants BofA Securities, Inc., Citigroup Global Markets Inc., and Leerink Partners LLC f/k/a SVB Securities LLC ("Defendants"). The Settlement resolves a lawsuit in which Plaintiffs allege that Defendants violated the federal securities laws because of alleged material misrepresentations and omissions causing damages to Settlement Class Members. Defendants deny any wrongdoing.

You received this Notice because you or someone in your family may have purchased Caribou common stock between July 23, 2021 and July 13, 2023, both dates inclusive ("Settlement Class Period"), or may have purchased Caribou common stock pursuant and/or traceable to Caribou's July 2021 initial public offering. The Settlement provides that, in exchange for the settlement and dismissal and release of claims against Defendants, a fund consisting of $3,900,000 ("Settlement Fund"), less attorneys' fees and expenses, will be divided among all Settlement Class Members who submit a valid Proof of Claim and Release Form ("Proof of Claim"). For a full description of the Settlement, your rights, and to make a claim, please view the Stipulation of Settlement at www.strategicclaims.net/Caribou and please request a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and  Proof of Claim by contacting the Claims Administrator in any of the following ways: (1) mail: *Caribou Biosciences, Inc. Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; (2) call: toll free, (866) 274-4004; (3) Fax: (610) 565-7985; (4) email: info@strategicclaims.net; or (5) visit the website: www.strategicclaims.net/Caribou.

To qualify for payment, you must submit a Proof of Claim to the Claims Administrator. A copy of the Proof of Claim can be found on the website. PROOFS OF CLAIM ARE DUE BY _____, 2024 TO: CARIBOU BIOSCIENCES, INC. SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON STREET, SUITE 205, MEDIA, PA 19063 OR SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/CARIBOU. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, 2024, or you will not be able to sue Defendants and other Released Parties about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____, 2024. The Long Notice explains how to exclude yourself or to object.

The Court will hold a hearing ("Settlement Hearing") on _____, 2024 at _:___.m. at 450 Golden Gate Avenue, Courtroom 15, 18th Floor, San Francisco, California 94102, or via remote means at the Court's direction, to consider whether to approve the Settlement, the Plan of Allocation, a request for attorneys' fees of up to 28% of the Settlement Fund, plus actual expenses up to $60,000, for litigating the case and negotiating the Settlement, and compensatory award to Plaintiffs not to exceed $7,500 total. You may attend the hearing and ask to be heard by the Court, but you do not have to. The Court reserves the right to hold the Settlement Hearing by remote means. You may, but are not required to, attend the hearing and ask to be heard by the Court. For more information, call (866) 274-4004, or visit www.strategicclaims.net/Caribou.

# EXHIBIT B

EXHIBIT B

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RON BERGMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, JASON V. O'BYRNE, RYAN FISCHESSER, SCOTT BRAUNSTEIN, ANDREW GUGGENHIME, JEFFREY LONG-MCGIE, NATALIE R. SACKS, BOFA SECURITIES INC., CITIGROUP GLOBAL MARKETS, INC., and SVB SECURITIES LLC,<br><br>Defendants. | Case No.:  3:23-cv-01742-RFL<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT**<br><br>CLASS ACTION<br><br>Hon. Rita F. Lin |

On the ____ day of _____, 2024 a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement, dated June 28, 2024 ("Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendants (as defined in the Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether to enter judgment dismissing the Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Lead Counsel fees and reimbursement of expenses; and (5) whether and in what amount to award the Compensatory Award to Plaintiffs; and

The Court having considered all matters submitted to it at the hearing and otherwise, and it appearing in the record that:

The Postcard Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated _____ __, 2024 ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members without valid email addresses and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

The link to the location of the electronic Long Notice and Proof of Claim substantially in the form approved by the Court in the Preliminary Approval Order was emailed to identifiable Settlement Class Members when an email address was provided to the Claims Administrator in accordance with the Preliminary Approval Order and the specifications of the Court; and

The Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily*.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     This Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

[PROPOSED] ORDER AND FINAL JUDGMENT; Case No. 3:23-cv-01742-RFL

2.      The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendants.

3.      The Court finds that, for settlement purposes only, the prerequisites for a class action under Federal Rule of Civil Procedure ("Rule") 23(a) and (b)(3) have been satisfied in that:

      a.      the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

      b.      there are questions of law and fact common to the Settlement Class;

      c.      Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent;

      d.      Plaintiffs and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

      e.      questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and

      f.      a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

          i.      the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

          ii.      the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

          iii.      the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

          iv.      the difficulties likely to be encountered in the management of the class action.

4.      The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3), on behalf of all persons and entities who purchased Caribou common stock between July 23, 2021 and July 13, 2023, both dates inclusive, and were damaged thereby. Included in the Settlement Class are all Persons who purchased Caribou

common stock pursuant to and/or traceable to Caribou's Registration Statement and prospectus issued in connection with its July 23, 2021 IPO and all persons and entities who purchased Caribou common stock during the Settlement Class Period at artificially inflated prices and were damaged thereby. Excluded from the Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the Company's present and former officers and directors during the Settlement Class Period; members of their immediate families and legal representatives, heirs, successors, or assigns, and any entity in which any Defendant, or any person excluded under this subsection (b), has or had a majority ownership interest during the Settlement Class Period. Also excluded from the Settlement Class are all putative members of the Settlement Class who have excluded themselves by filing a valid and timely request for exclusion, as listed on Exhibit A hereto.

5.      Pursuant to Rule 23, for the purposes of this Settlement, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel previously selected by Plaintiffs and appointed by the Court is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6.      In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is

4

hereby determined that all Settlement Class Members are bound by this Order and Judgment, except those persons listed on Exhibit A to this Order and Judgment.

7.    The Settlement is approved as fair, reasonable and adequate under Rule 23. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Class Representatives, Settlement Class Members, and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.    The Action and all claims contained therein, as well as the Released Claims, are dismissed with prejudice as against Defendants and the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.    The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Order and Judgment.

10.    With respect to any and all Released Claims, Class Representatives and the Releasing Parties shall waive, and each of the Settlement Class Members shall be deemed to have

5

[PROPOSED] ORDER AND FINAL JUDGMENT; Case No. 3:23-cv-01742-RFL

waived, and by operation of this Final Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

11.    With respect to any and all Released Claims, Class Representatives shall expressly waive and each of the Releasing Parties shall be deemed to have waived, and by operation of the Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state, territory, foreign country or principle of common law, that is similar, comparable, or equivalent to California Civil Code § 1542. Class Representatives and/or one or more Releasing Parties may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the Released Claims, but Class Representatives shall expressly fully, finally, and forever settle and release, and each Releasing Party, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Class Representatives acknowledge, and the Releasing Parties shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

12.    Upon the Effective Date, the Defendants shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever released, relinquished and discharged all claims they could have asserted against the Releasing Parties, including Settlement Class Members and Lead Counsel, related to the prosecution of the Action, including both known or

Unknown Claims and shall have covenanted not to sue the Releasing Parties, including Settlement Class Members and Lead Counsel, with respect to any such claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any such claim, in any capacity. Nothing contained herein shall, however, bar the Released Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

13. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

14. The Court finds that the Parties and their counsel have complied with all requirements of Rule 11 and the PSLRA as to all proceedings herein.

15. Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents, or proceedings connected with them is evidence, or an admission or concession by any Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action or could have been alleged or asserted, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted or could have been alleged or asserted in any such action or proceeding. This Final Judgment is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Party, Settlement Class Member, or any Released Parties. Neither this Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with therewith (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any, liability, fault, wrongdoing, injury or damages, or of any wrongful

7

conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to Class Representatives or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that this Final Judgment, the Stipulation, or the documents related thereto may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Final Judgment, or as otherwise required by law.

16.    Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

17.    This Court hereby retains exclusive jurisdiction over the Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18.    Without further order of the Court, Defendants and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.    There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b).

20.    The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the proposed Plan of Allocation or Class Counsel's application for an award of attorneys' fees and expenses or Compensatory Award to Class Representatives.

21.    Class Counsel are hereby awarded _____% of the Settlement Amount in fees, which the Court finds to be fair and reasonable, and $_____ in reimbursement of out-of-

[PROPOSED] ORDER AND FINAL JUDGMENT; Case No. 3:23-cv-01742-RFL

pocket expenses. Class Representatives are hereby awarded $_____, which the Court finds to be fair and reasonable. Defendants and the Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Class Counsel, Class Representatives, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

22.    In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to April 22, 2024, pursuant to the terms of the Stipulation.

Dated: _____, 2024

_____
HON. RITA F. LIN
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER AND FINAL JUDGMENT; Case No. 3:23-cv-01742-RFL