# EXHIBIT 3

Electronically Received 03/04/2024 02:52 PM

**FILED**
Superior Court of California
County of Alameda
04/15/2024
Chad Finke, Executive Officer/Clerk of the Court
By: _____ Deputy
S. Pesko

JONATHAN A. SHAPIRO (SBN 257199)
*JShapiro@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, Suite 2800
San Francisco, CA  94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

ADAM SLUTSKY (*pro hac vice* pending)
*ASlutsky@goodwinlaw.com*
JENNIFER BURNS LUZ (*pro hac vice* pending)
*JLuz@goodwinlaw.com*
KATHERINE G. MCKENNEY (*pro hac vice*)
*KMcKenney@goodwinlaw.com*
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA  02210
Tel.: +1 617 570 1000
Fax: +1 617 523 1231

Attorneys for Defendants
CARIBOU BIOSCIENCES, INC., RACHEL E.
HAURWITZ, JASON V. O'BYRNE, RYAN
FISCHESSER, SCOTT BRAUNSTEIN, ANDREW
GUGGENHIME, JEFFREY LONG-MCGIE, and
NATALIE R. SACKS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| WILLIAM LOWRY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, JASON V. O'BYRNE, RYAN FISCHESSER, SCOTT BRAUNSTEIN, ANDREW GUGGENHIME, JEFFREY LONG-MCGIE, and NATALIE R. SACKS,<br><br>Defendants. | Case No. 23-CV-029855<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Date: February 27, 2024<br>Time: 2:00 p.m.<br>Dept: 23<br>Judge: Hon. Tara Desautels<br>René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612<br><br>Complaint filed:  March 23, 2023<br>Amended Complaint filed: September 11, 2023 |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Upon consideration of Defendants Caribou Biosciences, Inc. ("Caribou"), Rachel E. Haurwitz, Jason V. O'Byrne, Ryan Fischesser, Scott Braunstein, Andrew Guggenhime, Jeffrey Long-McGie, and Natalie R. Sacks' ("Defendants") Motion to Dismiss the First Amended Complaint (the "Motion"), Plaintiff William Lowry's ("Plaintiff") opposition, Defendants' reply, and oral argument presented to this Court by counsel for Defendants Adam Slutsky and counsel for Plaintiff Brian O'Connell on February 27, 2024, IT IS HEREBY ORDERED as follows:

1. The Motion to Dismiss, filed by Defendants, is GRANTED on grounds of forum non conveniens.

2. Section 410.30 of the California Code of Civil Procedure provides that "[w]hen a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." The decision to grant or deny a motion to dismiss on grounds of forum non conveniens is within the trial court's discretion. (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751-752.)

3. Defendants' Amended and Restated Certificate of Incorporation contains a federal forum provision ("FFP") requiring all claims against Defendants arising under the Securities Act of 1933 be brought in federal court. Defendants notified potential purchasers of the FFP on July 1, July 19, July 22, and July 23, 2021.

4. Because Caribou is a Delaware corporation, the Court applies Delaware law to determine whether the FFP is valid. (*Wong v. Restoration Robotics, Inc.* (2022) 78 Cal. App.5th 48, 78.) Under Delaware law, FFPs are valid. (*Restoration Robotics*, *supra* at 75 (relying on *Salzberg v. Sciabacucchi* (2020) 227 A.3d 102).).

5. Caribou's public filings repeatedly stated that its Amended and Restated Certificate of Incorporation would become effective "immediately prior to the completion of the offering." This matter is therefore aligned with *Restoration Robotics*, in which the Court of Appeal upheld as valid an FFP that was "declared effective on October 11, 2017," in advance of an October 16, 2017 IPO. (*Restoration Robotics*, *supra* at 59.).

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.    Insofar as Plaintiff argues that mutual assent is lacking, "neither California nor Delaware law requires forum selection clauses be freely negotiated to be enforceable." (*Drulias v. 1st Century Bancshares, Inc.* (2018) 30 Cal.App.5th 696, 707.).

7.    Finally, the Court does not find that enforcement of the FFP would be unreasonable.  Although a motion to enforce a forum selection clause must be brought within a "reasonable time" (*Global Financial Distributors Inc. v. Superior Court* (2019) 35 Cal.App.5th 179, 193), Defendants filed the instant Motion roughly eight months after Plaintiff filed this action, a period that the Court does not find to be unreasonable.  Additionally, Defendants have acted consistently with the existence of the FFP, moving to stay this case based upon a concurrently pending federal case and filing this Motion shortly after the motion to stay was denied.  Moreover, Plaintiff does not argue that any prejudice resulted from the time between when he filed this action and when Defendants filed the Motion.

8.    Separately, "forum non conveniens is an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately tried elsewhere." (*Grove v. Juul Labs, Inc.* (2022) 77 Cal.App.5th 1081, 1090 (quoting *Stangvik*, *supra* at 751).).

9.    On a balance of equities, the Court separately and independently declines to exercise jurisdiction over this matter.  First, Caribou provided abundant notice of the FFP and its effective date prior to Plaintiff's acquisition of common stock on June 26, 2021.  Second, Plaintiff has a suitable alternative forum in the United States District Court for the Northern District of California, where this action was originally filed and where another putative class action is pending, and which is close to Caribou's Berkeley headquarters.  Third, dismissal of this action avoids duplicative work and potentially conflicting rulings by federal and state courts.

10.    Accordingly, Defendants' Motion to Dismiss is GRANTED and the First Amended Complaint is DISMISSED.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**IT IS SO ORDERED**

Dated: _____04/15/2024_____, 2023        _____

HON. ~~TARA DESAUTELS~~
JUDGE OF THE SUPERIOR COURT
**Michael Markman / Judge**

## <u>PROOF OF SERVICE</u>

At the time of service I was over 18 years of age and not a party to this action. My business address is:  My business address is 100 Northern Avenue, Boston, Massachusetts 02210.

On **March 4, 2024**, I served the following document(s) on the person(s) below as follows:

### [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

| | |
|---|---|
| Brian P. O'Connell<br>POMERANTZ LLP<br>10 S La Salle Street, Suite 3505<br>Chicago, IL 60603-1049 | Counsel for Plaintiff: *William Lowry*<br>Tel.: 312-881-4859<br>Fax: 312-377-1184<br>boconnell@pomlaw.com |
| Jennifer Pafiti (SBN 282790)<br>POMERANTZ LLP<br>1100 Glendon Avenue, 15th Floor<br>Los Angeles, California 90024 | Counsel for Plaintiff: *William Lowry*<br>Tel.: (310) 405-7190<br>jpafiti@pomlaw.com<br>jalieberman@pomlaw.com<br>ahood@pomlaw.com |
| Jeremy A. Lieberman<br>J. Alexander Hood II<br>POMERANTZ LLP<br>600 Third Avenue, 20th Floor<br>New York, New York 10016 | ***\*\* Not yet admitted PHV*** |

☒ (E-MAIL or ELECTRONIC TRANSMISSION).  By electronic service on <u>March 4, 2024</u>. My electronic service address is YShin@goodwinlaw.com. Based on a court order or an agreement of the parties to accept electronic service, I caused the document(s) to be sent to the person(s) at the electronic service address(es) listed above.

☐ (E-MAIL or ELECTRONIC TRANSMISSION).  via electronic filing service provider One legal by electronically transmitting the document(s) listed above to One Legal, an electronic filing service provider at http://www.onelegal.com.  To my knowledge, the transmission was reported as complete and without error. See Cal. R. Ct. R. 2.253, 2.255, 2.260.

☐ (MAIL).  By United States mail. I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am employed in the county where mailing occurred.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 4, 2024**, at Boston, Massachusetts.


Yuna Shin
**(Type or print name)**

*Yuna Shin*
**(Signature)**