UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON BERGMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CARIBOU BIOSCIENCES, INC., et al.,<br><br>　　　　　Defendants. | Case No.  23-cv-01742-RFL<br><br><br>**ORDER FOR SUPPLEMENTAL FILINGS FOR MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 76 |

The Court has reviewed Plaintiffs' unopposed motion for preliminary approval of class action settlement.  The parties are ordered to address the following issues by filing supplemental briefing and associated supplemental declaration(s), an amended proposed notice of class action settlement (with a redline), and an amended proposed preliminary approval order (with a redline) by **October 1, 2024**.

1. What is the basis for the estimates of the total maximum damages if Plaintiffs prevailed on their claims?  (*See* Joint Decl. of Sara Fuks and Brian Shah ¶ 21.)

2. What is the basis for the estimate that there are likely between 50,000 and 80,000 Settlement Class Members?  (*See* Decl. of Paul Mulholland ¶ 14.)

3. By what process will the Caribou stock transfer agent identify members of the Settlement Class to receive class notice?

4. Why are GlobeNewswire and Investor's Business Daily the publications most likely to reach the settlement class?

5. The released claims may include not only those claims alleged in the complaint, but also claims "based on the *identical factual predicate* as that underlying the claims in

the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (citation omitted) (emphasis added). However, does the release of "claims concerning in any way, directly or indirectly, the purchase, acquisition, solicitation, holding, sale, or disposition of Caribou common stock during the Settlement Class Period" sweep beyond the facts alleged? What is the authority for allowing a release of that breadth?

6. Does the Notice satisfy the requirements under 15 U.S.C. § 78u-4(a)(7)(B) regarding disclosure on the cover page of the average amount of damages per share that would be recoverable if Plaintiffs prevailed on each claim alleged? If not, please revise to include.

7. Why do the parties propose that those seeking to be excluded from the settlement class provide documentary proof of their ownership of Caribou stock? If that requirement is not necessary, please revise the Notice, Request for Exclusion Form, and Proposed Order Granting Preliminary Approval to eliminate it and to allow estimates regarding the dates, amounts, and prices if the party explains why they do not have exact information readily available.

8. Please address the following item from the Northern District of California's Procedural Guidance for Class Action Settlements, as required by the Court's Civil Standing Order:

   a. Item 11(a): In the table included in paragraph 61 of the Joint Declaration of Sara Fuks and Brian Shah, please provide information about (1) the claims that were released and (2) the total exposure if the plaintiffs had prevailed on every claim.

9. Please submit a new version of the Long Form Notice and related forms with the following changes:

   a. Please fill in all required dates, as calculated based on an entry of the

2

preliminary approval order on October 15, 2024.

b.  In the Notice and Claim Form, please add a statement that the financial information submitted in the claims process will be used only for settlement purposes and will otherwise be kept confidential.  Please also direct recipients to the Settlement Administrator for more information about data security practices.

c.  Please include a sentence in the Notice and Objection Form allowing objectors to submit estimates regarding the dates, amounts, and prices of transactions if the objector explains why they do not have exact information readily available.

d.  On page 11, section 10 of the Notice: please replace the sentence regarding *Lowry* with the following: "The release also covers claims, known and unknown, that could have been brought in this case or the *Lowry* action, or relate in any way to the allegations in those cases."

e.  On page 13, section 15 of the Notice: please replace "written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection)" with "written objection form or letter."

f.  On page 14, section 15 of the Notice: please delete the following sentences – "Notwithstanding the above, the Court will require only substantial compliance with the above requirements for submitting an objection.  The Court may excuse the requirement that you submit a written objection in order to appear at the Settlement Hearing upon a showing of good cause."  Please replace with the following sentence – "The Court will require only substantial compliance with the above requirements for submitting an objection, and may excuse any of them upon a showing of good cause."  Please also conform

paragraph 28 of the Proposed Order Granting Preliminary Approval.

g. On page 14, section 15 of the Notice: please replace "94103" with "94102."

h. On page 14, section 17 of the Notice: please include directions to https://cand.uscourts.gov/judges/lin-rita-f-rfl/ to access the final approval hearing via videoconference.

i. On page 14, section 18 of the Notice: please replace "you are welcome to attend at your own expense" with "you are welcome to attend in person or via videoconference.  If you incur travel or related expenses to attend, you will need to pay those yourself."

j. In the Objection Form: please repeat the admonition that "The Court will require only substantial compliance with the requirements for submitting an objection and may excuse any of these requirements upon a showing of good cause."

k. In the Request for Exclusion Form and Objection Form: please expand the height of the rows in the chart to allow enough room to handwrite the stock transaction information.

l. In the Postcard Notice and Summary Notice: please include directions to https://cand.uscourts.gov/judges/lin-rita-f-rfl/ to access the final approval hearing via videoconference.

10. Please revise the Proposed Orders Granting Preliminary Approval and Final Approval include provisions for the filing of post-distribution accounting forms as described in the Northern District of California's Procedural Guidance for Class Action Settlements.  The accounting shall be required to be completed in the form attached to this Order as Exhibit A.  Please also include provisions for withholding 10% of the

attorneys' fees to be released upon the completion of those forms.

**IT IS SO ORDERED.**

Dated: September 6, 2024

RITA F. LIN
United States District Judge

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
cand.uscourts.gov

## Post-Distribution Accounting Form

For guidance and instruction, please see
https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/

| | |
|---|---|
| Case Number (YY-xx-#####) | |
| Case Name | |
| Attorney Name | |
| Nature of Action | |
| Attorney Email | |
| Party Represented | |
| This is: | An interim post-distribution accounting. Not all settlement funds have been distributed. _ A final post-distribution accounting. All settlement funds have been distributed. |

| | | | |
|---|---|---|---|
| 1.  Total settlement fund | $ | | |
| 2.  Number of class members | # | | |
| 3.  Number of class members to whom notice was sent and not returned as undeliverable | # | | |
| 4.  Number of claim forms submitted | # | N/A | |
| 5.  Percentage of claim forms submitted  [=Q4/Q3] | % | N/A | |
| 6.  Number of opt-outs | # | | |
| 7.  Percentage of opt-outs  [=Q6/Q3] | % | | |
| 8.  Number of objections | # | | |
| 9.  Percentage of objections  [=Q8/Q3] | % | | |
| 10. Average recovery per claimant | $ | | |
| 11. Median recovery per claimant | $ | | |
| 12. Maximum recovery per claimant | $ | | |

| 13. Minimum recovery per claimant | | | $ | | | | |
|---|---|---|---|---|---|---|---|
| 14. Methods of notice to class members [1 or more], and percentage of success by method if known. Leave percentage blank if not known. | | | | | | | |
| | | Mail | | | Email | | | Text |
| | | Advertisement | | | Website | | | Other |
| 15. Methods of payment to class members [1 or more], and percentage of success by method if known. Leave percentage blank if not known. | | | | | | | |
| | | Direct Deposit | | | Gift Card | | | Paper Check |
| | | Wire | | | Payment App | | | Other |

| 16. Number of checks not cashed | # |
|---|---|
| 17. Total value of checks not cashed | $ |

| 18. Amount of settlement funds claimed by class member | $ | | N/A | |
|---|---|---|---|---|
| 19. Amount of settlement funds distributed to class members | $ | | | |

| 20. Amounts distributed to each cy pres recipient | | Name | Amount |
|---|---|---|---|
| | 1. | | $ |
| | 2. | | $ |
| | 3. | | $ |
| | 4. | | $ |
| | 5. | | $ |
| | 6. | | $ |
| | 7. | | $ |
| | 8. | | $ |
| | 9. | | $ |
| | 10. | | $ |

| 21. Administrative costs | $ |
|---|---|
| 22. Attorneys' fees | $ |
| 23. Attorneys' costs excluding expert costs | $ |
| 24. Expert costs | $ |

| 25. | Attorneys' fees in terms of percentage of the settlement fund | % |
|---|---|---|
| 26. | Plaintiffs' counsel's final lodestar total | $ |
| 27. | Lodestar multiplier [# x.y] | # x.y |
| 28. | Describe any potential fraud issues encountered, the likely causes, and how they were addressed | |
| | | |
| 29. | Number of class members availing themselves of nonmonetary relief | # |
| 30. | Aggregate value redeemed | $ |

Continued on next page.

| |
|---|
| 31. Where injunctive and or other non-monetary relief has been obtained, discuss the benefit conferred on the class. |
| |
| 32. Other notes and issues required to be addressed by judge's standing order. |
| |

End of form.