**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RON BERGMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, JASON V. O'BYRNE, RYAN FISCHESSER, SCOTT BRAUNSTEIN, ANDREW GUGGENHIME, JEFFREY LONG-MCGIE, NATALIE R. SACKS, BOFA SECURITIES INC., CITIGROUP GLOBAL MARKETS, INC., and SVB SECURITIES LLC, <br><br> Defendants. | Case No.:  3:23-cv-01742-RFL <br><br> CLASS ACTION <br><br> **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** <br><br> Hearing Date: February 18, 2025 <br> Time: 1:30 p.m. <br> Location:  Via Zoom <br> Judge: Rita F. Lin |

Lead Plaintiff Ron Bergman and named plaintiff Carl Cooper (collectively, "Plaintiffs") respectfully submit this Supplemental Memorandum in Support of Unopposed Motion for Attorneys' Fees and Reimbursement of Expenses and Award to Plaintiffs ("Supplemental Memorandum") pursuant to the Court's Order Requesting Supplemental Briefing Re: Dkt. No. 90, dated February 4, 2025 ("Order")  (Dkt. No. 93).

Plaintiffs respectfully submit the responses below to the items set forth in the Court's Order. In connection with this Supplemental Memorandum, Plaintiffs also submit the Supplemental Declaration of Sara Fuks ("Supplemental Fuks Decl.") and exhibits thereto.[1]

**1. What is the basis for Plaintiffs' counsel's contention that the rates listed in the lodestar calculation are the prevailing market rates or otherwise reasonable? Has Plaintiffs' counsel been awarded fees at these rates in the past? If so, please provide examples from past cases, including rates and the phase at which the case settled.**

Co-Lead Counsel's rates range from $800-$1,150 for partners, $850-$990 for counsel and of counsel, and $450-$600 for associate level attorneys. *See*, Dkt. Nos, 91-3, p.2; 91-4, p.2 (Declarations of Sara Fuks and Brian Schall, respectively in support of Co-Lead Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses). "Courts may find hourly rates reasonable based on evidence of other courts approving similar rates or other attorneys engaged in similar litigation charging similar rates." *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010).

First, these hourly rates are consistent with and below those of other attorneys engaged in similar litigation in this Circuit. *See, e.g., Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at *9 (N.D. Cal. July 15, 2022) (approving hourly rates of $760 to $1,325 for partners, $895 to $1,150

---

[1] All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Amended Stipulation of Settlement and exhibits thereto, dated October 1, 2024 (Dkt. No. 86-1).

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; Case No. 3:23-cv-01742-RFL

1

for counsel, and $175 to $520 for associates, finding these "billing rates in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation"); *Hope Med. Enters., Inc. v. Fargron Compounding Serv., LLC*, 2022 WL 826903, at *3 (C.D. Cal. Mar. 14, 2022) (finding "rates of $895 to $1,295 per hour for partners and counsel, and between $565 and $985 for associates" to be reasonable). Because these cases are from 2022, the rates are not adjusted for three years of inflation and salary increases.  Indeed,  according to a survey administered by the National Association for Law Placement, Inc. ("NALP"), in 2023, the overall median for a first-year associate's salary increased 21.2% since 2021, to $200,000. (Fuks Supp. Decl. Exh. 1). In New York, San Francisco, and other major cities, the rates for first-year associates are higher. According to NALP's survey, of the 40 New York City offices that responded to the survey, 75% of them reported first year associate salaries of $215,000. *Id.* Salaries for more experienced attorneys have also increased due to inflation and other market factors in recent years. As salaries increase, so do billing rates.

Second, Co-Lead Counsel's hourly rates are largely below the hourly rates charged by defense firms, whose skill and expertise plaintiffs' counsel in securities class actions must match or exceed to obtain any compensation. Whereas defense counsel in securities class actions have (mostly corporate) clients who will pay their hourly rate regardless of the outcome of the case, plaintiffs' counsel, who work solely on a contingency basis, is paid nothing if they lose. Exhibit 20 to the Supplemental Fuks Declaration is a table of hourly rates for defense firms derived from fee applications submitted by such firms nationwide in bankruptcy proceedings in 2023. The analysis shows that across all types of attorneys the rates of Co-Lead Counsel are consistent with, or lower than, those of the firms included in the chart, which were not on a contingent basis and have not been adjusted for two years of subsequent inflation.

Third, courts across the country have approved Co-Lead Counsel's rates, as set forth in the chart below which lists settlements receiving final approval in 2024 in which Co-Lead Counsel served as lead or co-lead counsel. Per the Order, the phase at which the case settled is also set forth in the chart.

| Case | Partner Rates | Counsel Rates | Associate Rates | Phase Settled |
|---|---|---|---|---|
| *Chen v. Missfresh Ltd. et al.,* 1:22-cv-09836-JSR (S.D.N.Y.) | $1,150-$900 | $850 | $600-$500 | Class Certification motion filed |
| *Hacker, et al. v. Electric Last Mile Solutions, Inc., et al.,* 22-cv-00545 (D.N.J.) | $1,250-$950 | $850 | $650-$600 | Amended Complaint filed |
| *Oh v. Hanmi Financial Corp., et al.,* 2:20-cv-02844-FLA (JCX) (C.D. Cal.) | $1,150-$950 | $850 | $750-$600 | Discovery |
| *City of Taylor General Employees' Ret. Sys. v. Astec Industries Inc., et al.,* 1:19-cv-24 (E.D. Tenn.) | $1,250-$1,150 | $850 | $600-$450 | Discovery |
| *Plagens et al., v. Deckard, et al.,* 1:20-cv-2744 (N.D. Ohio) | $1,150-$950 | $850 | $650-$500 | Discovery |

The fee declarations plaintiffs' counsel submitted and corresponding court orders awarding plaintiffs' counsel attorneys' fees in the cases referenced in the above chart are attached as Exhibits 2-11 to the Supplemental Fuks Declaration.

Fourth, and most important, a fee award equal to Co-Lead Counsel's actual lodestar does not compensate Co-Lead Counsel for the risk undertaken and is, in effect, a penalty. Contingency fee risk is not illusory. In many cases, plaintiffs' attorneys invest hundreds or thousands of hours only to end up with nothing. Indeed, about half of federal securities class actions, which comprise 100% of Co-Lead Counsel's practice, are dismissed, leaving them with no compensation whatsoever for their time, and in some cases millions of dollars lost in litigation expenses. *See* Fuks

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; Case No. 3:23-cv-01742-RFL

3

Suppl. Decl. Exh. 12.[2] Accordingly, because Co-Lead Counsel is not compensated for the work in roughly half of the cases they bring, their mean hourly rate in securities class actions across the board is effectively only half of the hourly rates reflected in Plaintiffs' Fee Motion. Further, while Co-Lead Counsel's "upside" is limited to a maximum of one-third of any settlement amount, their potential downside is unbounded. Plaintiffs' securities class action firms can and have gone out of business where their litigation expenses and non-payment from unsuccessful cases outpaces their operating expenses and the salaries they must pay their lawyers and staff.

As such, it is important to encourage capable counsel to undertake such expensive and risky litigation. This is why in courts across the country and in the Ninth Circuit the percentage-of-the fund approach is the prevailing approach in awarding attorneys' fees securities class action cases. *See* Fee Motion at 4-5. *See e,g, In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) ("If this important public policy [of enforcing the securities laws] is to be carried out, the courts should award fees which will adequately compensate Lead Counsel for the value of their efforts, taking into account the enormous risks they undertook.").

Courts in securities class actions employ the lodestar only as a "cross-check" on the reasonableness of the requested fee. And courts adjust counsel's lodestar **upward** by some multiplier in securities class actions. *In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *22 (C.D. Cal. June 10, 2005) ("In securities class actions, it is common for a counsel's loadstar figure to be adjusted upward by some multiplier reflecting a variety of factors such as the effort expended by counsel, the complexity of the case, and the risks assumed by counsel.")  A

---

[2] Cornerstone Research, Securities Class Action Filings, 2023 Year in Review, at 19, Fig. 8 (the dismissal rates for federal securities class actions filed in 2017, 2018, 2019 and 2020 are 54%, 56%, 52% and 56%, respectively).

multiplier on the lodestar compensates plaintiffs' attorneys for this risk and benefits investors who, but for contingency fee counsel willing to take on this risk, would receive no recovery given the unaffordability of bringing an individual action. *In re Omnivision Techs. Inc.,* 559 F.Supp.3d 1036, 1047 (N.D. Cal. 2008) ("The importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent fee basis a larger fee than if they were billing by the hour or on a flat fee."); *See also, City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 470 (2d Cir. 1974) ("No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance had agreed to pay for his services, regardless of success."); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051–52 (9th Cir. 2002) (approving a 3.65 lodestar multiplier and noting that "courts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases."); *In re Comverse Tech., Inc. Sec. Litig.*, 2010 WL 2653354, at *5 (E.D.N.Y. June 24, 2010) ("Where … counsel has litigated a complex case under a contingency fee arrangement, they are entitled to a fee in excess of the lodestar").

Further, an award that matches the actual lodestar is tantamount to a penalty because Co-Lead Counsel does not get paid as they perform their work. *City of Providence v. Aeropostale, Inc.*, 2014 WL 1883494, at *14 (S.D.N.Y. May 9, 2014) ("the financial burden on contingent-fee counsel is far greater than on a firm that is paid on an ongoing basis"); *Flag Telecom*, 2010 WL 4537550, at *27 ("[u]nlike counsel for Defendants, who are paid substantial hourly rates and reimbursed for their expenses on a regular basis, [Plaintiff's Counsel] have not been compensated for any time or expenses since this case began….").

This case began in April 2023. Co-Lead Counsel has not been paid anything to date, despite having spent over 1,100 hours in professional time and incurring nearly $50,000 in litigation

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; Case No. 3:23-cv-01742-RFL

5

expenses, with no guarantee of receiving even a penny, in a case that was risker than most. *See* Fee Mtn (Dkt. 90) at 9-10 (because this case did not involve a restatement, insider trading, or follow on the heels of a criminal or government proceeding it was a more difficult, and riskier case).  Given the time value of money, a 1.0 lodestar multiplier essentially represents a penalty on Co-Lead Counsel's hourly rate. And here, Co-Lead Counsel's requested fee award is *even less than* their actual lodestar. As set forth in the Fee Motion (Dkt. No. 90) Co-Lead Counsel's requested award of 28% of the Settlement Fund results in a negative lodestar multiplier of 0.9775. *See* Fee Motion at 20. This is all the more reason why the Co-Lead Counsel's requested fee award is eminently reasonable under any measure.

> **2. Plaintiffs' counsel appears to have expended hundreds of hours on pre-filing investigation and the filing of the complaint. To allow an assessment of the lodestar, and thus the reasonableness of the fee request, please provide a detailed task breakdown and the corresponding hours from that phase**.

The Fuks Declaration and the Schall Declaration filed in connection with the Fee Motion (Dkt. Nos 91-3 and 91-4) contain charts breaking down the total lodestar and hours with category keys for the Rosen and Schall Firms, respectively.

Category 2 corresponds to "Pleadings, fact investigation, motions to dismiss."  The detailed time entries for the time Co-Lead Counsel expended in this category is attached as Exhibit 13 to the Supplemental Fuks Declaration.[3] These detailed time entries demonstrate what tasks were

---

[3] Contemporaneous with the filing of this supplemental memorandum Plaintiffs are filing an Administrative Motion for Leave to File Exhibit 13 to the Supplemental Fuks Declaration Under Seal, pursuant to Local Rule 79-5 because Co-Lead Counsel's detailed time descriptions contain material protected by the work-product and attorney-client privileges.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; Case No. 3:23-cv-01742-RFL

6

performed in connection with the pre-filing investigation, filing of the amended complaint, and motion to dismiss briefing (which is also included in "Category 2").

Co-Lead Counsel spent a total of 705.3 hours on tasks in this category. The Rosen Law Firm spent a total of 430.2 hours on tasks in this category (Dkt. No. 91-2, page 3) and the Schall Law Firm spent a total of 275.1 hours on tasks included in this category (Dkt. No. 91-3, page 3).

The amount of time expended on these tasks is reasonable given the nature and complexity of the factual investigation, which included consultation with experts, the voluminous information counsel was required to review and synthesize in drafting the amended complaint, and the complexity of the legal issues and defenses raised in two separate motions to dismiss. *See e.g.,* Dkt. No. 91, par. 49 (Amended Fuks Schall/Decl.); Fee Motion at 11. Indeed, the Caribou Defendants' Motion to Dismiss alone (Dkt. No. 50) cited over 50 cases, each of which Plaintiffs' Counsel had to review and shepardize to draft their opposition brief.

The reasonableness of this expenditure of time is confirmed by the fact that plaintiffs' counsel in securities class actions in this Court have expended similar, if not greater hours on such tasks in settlements courts have recently approved and granted requested fee applications. Suppl. Fuks Decl., Exhs. 14-19; *Bernstein v. Gingko Bioworks Holdings, Inc., et al.*, Case No. 4:21-cv-08943-KAW (N.D. Cal. Dec. 13, 2024) (granting fee application where plaintiffs' counsel (Pomerantz LLP) spent 791.3 hours total on "pleadings and investigation" and "motion to dismiss."); *In re Alphabet Inc. Securities Litigation*, Case No. 3:18-cv-06242- TLT (N.D. Cal. Sept. 30, 2024) (granting fee application where plaintiffs' counsel (Robbins Geller, Rudman & Dowd, LLP) spent 988.3 hours total on the investigation, complaint and motion to dismiss (495.5 hours on "fact investigation, " 271.1 hours on "draft[ing] initial or amended complaint", and 221.7 hours on "motion to dismiss"))[4]; *In re Lyft Securities Litigation*, 4:19-cv-02690-HSG (N.D. Cal. August 7,

---

[4] "Legal Research," some of which was likely performed in connection with "motion to dismiss" constituted a separate category accounting for a total of 972.8 hours.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; Case No. 3:23-cv-01742-RFL

7

2023) (granting fee application where plaintiffs' counsel (Block & Leviton LLP) spent 59 hours on "initial investigation, research, initial complaint, leadership", 279.1 hours on "amended complaints" and 1113.9 hours on "non-discovery research, briefing and motions").

*** 

We are happy to answer any other questions the Court may have.

Dated: February 11, 2025                                    Respectfully submitted,

                                                           **THE ROSEN LAW FIRM, P.A**.

                                                           By: */s/ Laurence M. Rosen*

                                                           Laurence M. Rosen (SBN 219683)
                                                           355 S. Grand Avenue, Suite 2450
                                                           Los Angeles, CA 90071
                                                           Telephone: (213) 785-2610
                                                           Facsimile: (213) 226-4684
                                                           Email: lrosen@rosenlegal.com

                                                           and

                                                           Phillip Kim (*pro hac vice*)
                                                           Sara Fuks (*pro hac vice*)
                                                           275 Madison Avenue, 40th Floor
                                                           New York, NY 10016
                                                           Tel: (212) 686-1060
                                                           Fax: (212) 2020-3827
                                                           Email: pkim@rosenlegal.com
                                                           Email: sfuks@rosenlegal.com

                                                           **THE SCHALL LAW FIRM**
                                                           Brian Schall (SBN 290685)
                                                           Ivy T. Ngo (SBN 249860)
                                                           Rina Restaino (SBN 285415)
                                                           2049 Century Park East, Suite 2460
                                                           Los Angeles, CA 90067
                                                           Telephone: (310) 301-3335
                                                           brian@schallfirm.com
                                                           ivy@schallfirm.com
                                                           rina@schallfirm.com

                                                           *Co-Lead Counsel for Plaintiffs and for the Class*

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 S. Grand Avenue, Suite 2450 Los Angeles, CA 90071. I am over the age of eighteen.

On February 11, 2025, I electronically filed the foregoing PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF UNOPPOSED FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record. Executed on February 11, 2025.

*/s/ Laurence M. Rosen*

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; Case No. 3:23-cv-01742-RFL

9