# EXHIBIT 11

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM PLAGENS, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>JENNIFFER D. DECKARD,<br><br>     Defendant. | Case No. 1:20-cv-02744-JPC<br><br>CLASS ACTION<br><br>Judge J. Philip Calabrese |

**DECLARATION OF LAURENCE M. ROSEN**
**CONCERNING ATTORNEYS' FEES AND EXPENSES**

I, LAURENCE M. ROSEN, declare as follows pursuant to 28 U.S.C. §1746:

1.      I am the managing partner of The Rosen Law Firm, P.A. ("Rosen Law"), Lead Counsel in this Action. Rosen Law has represented Lead Plaintiff Thomas Phelps and named Plaintiffs Sergio Baron and Neville Arjani (collectively, "Plaintiffs") throughout this litigation. I have personal knowledge of the facts asserted herein.

2.      A copy of Rosen Law's resume is attached to the Declaration of Joshua Baker as Exhibit 8.

3.      For over three years, Rosen Law has been involved in this Action: from December 2020 through the preparation of these final approval papers. We actively engaged in the prosecution of the Action, including (a) conducted an extensive factual investigation, which included the review of publicly available documents about Covia Holdings Corporation f/k/a Fairmount Santrol Holdings Inc. ("Covia") and the individual defendants; (b) researched Covia, kept abreast of news released regarding the allegations, drafted and filed an amended complaint; (c) moved for Lead Plaintiff appointment on behalf of Phelps; (d) consulted with private

1

investigators relating to the allegations in this action; (e) researched and filed oppositions to the Defendants' motions to dismiss the amended complaint, defeating the motion in part; (f) reviewed and analyzed tens of thousands of pages of documents; (g) attended four depositions of confidential witnesses named in the amended complaint; (h) participated in a full-day mediation; (i) negotiated the Settlement; (j) crafted the plan of allocation in consultation with Strategic Claims Services that treats Plaintiffs and all other members of the Class fairly; (k) moved for preliminary approval of the Settlement; (l) oversaw provision of notice to the Class; and (m) drafted the motion for final approval of the Settlement.

4.      The chart below summarizes the hours, rate, and lodestar of each Rosen Law attorney and professional staff who worked on this matter.

5.      The total number of hours spent on the litigation of the Action by my firm through today's date is 934.76. The total lodestar amount for attorney time based on the firm's current rates is $801,453.50. A breakdown of the lodestar is set forth in the chart below:

| TOTAL HOURS AND LODESTAR | | | |
|---|---|---|---|
| **Name and Position** | **Total Hours** | **Hourly Rate** | **Total Lodestar** |
| Phillip Kim (P) | 96.20 | $1,150 | $98,605.00 |
| Yu Shi (P) | 0.30 | $950 | $262.50 |
| Erica Stone (C) | 62.35 | $850 | $49,880.00 |
| Brent LaPointe (C) | 0.78 | $850 | $624.00 |
| Joshua Baker (C) | 680.90 | $850 | $544,720.00 |
| Scott Kim (A) | 30.00 | $650 | $19,500.00 |
| Stephen Shepardson (A) | 4.00 | $625 | $2,200.00 |
| Ryan Hedrick (A) | 59.98 | $600 | $35,988.00 |
| Christine Buzzetti (A) | 0.25 | $500 | $137.50 |
| **Total:** | **934.76** | | **$801,453.50** |

(P) - Partner; (C) – Counsel; (A) – Associate;

6. My firm incurred a total of $65,555.84 in unreimbursed expenses in connection with the prosecution of this litigation, including anticipated expenses associated with this Motion. They are broken down as follows:

| TOTAL EXPENSES | |
|---|---|
| **Category** | **Amount** |
| Investigator Fees | $9,232.40 |
| Online Legal Research, Document Retrieval, and Hosting Fees | $1,968.41 |
| Discovery Database Hosting Fees | $2,437.50 |
| Court Filing, Courtesy Copy, and Court Messenger Fees | $402.00 |
| *Pro Hac Vice* and Certificate of Good Standing Fees | $480.00 |
| Expert Fees | $11,503.20 |
| Court Reporter, Deposition, Videographer, and Transcript Fees | $4,352.63 |
| Mediation Fees | $8,980.00 |
| Service of Process Fees | $262.50 |
| FedEx and Postage Fees | $54.64 |
| Press Releases and Notice to Class Members Fees | $5,677.50 |
| Travel, Transportation, Hotels, and Meals Fees | $20,205.06 |
| **TOTAL EXPENSES** | **$65,555.84** |

7. The expenses incurred are reflected in the books and records contemporaneously prepared by the firm. These books and records are prepared from expense vouchers, invoices, and other billing records, and are an accurate record of the expenses incurred. I have reviewed the expenses for which reimbursement is sought and confirmed that they were reasonably necessary for the effective and efficient prosecution and resolution of the litigation and reasonable in amount. The expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

8. My firm's compensation for services rendered and out-of-pocket expenses incurred in this case was and is entirely contingent on the success of the prosecution of the Action, and on the Court's approval of the fee and expense application. None of the attorneys' fees and expenses submitted to this Court has been paid from any source or has been the subject of any prior request or prior award in any litigation or other proceeding.

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of March 2024, in New York, NY.

$$\text{\textit{/s/Laurence M. Rosen}}$$

4