# EXHIBIT 16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ALPHABET, INC. SECURITIES LITIGATION. | Case No.  18-cv-06245-TLT |
| | **ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT; GRANTING MOTION FOR ATTORNEY FEES, COSTS, REALLOCATION OF REMAINDER AND DE MINIMUS DONATION** |
| | Re: Dkt. Nos. 233, 234 |

The Court previously granted a motion for preliminary approval of a Class Action Settlement between Lead Plaintiff State of Rhode Island, Office of the Rhode Island Treasurer, on behalf of the Employees' Retirement System of Rhode Island, individually and on behalf of all others similarly situated, and Defendants Alphabet, Inc. et. al., on April 2, 2024 and April 9, 2024. ECF 228; ECF 232.  As directed by the Court's preliminary approval orders, Plaintiffs filed their motion for attorneys' fees and costs.  ECF 234.

In their Final Settlement, Plaintiffs submitted a declaration indicating that there were 58 timely opt out members and two untimely opt out members.  ECF 238, Declaration of Ross D. Murray ¶ 6.  There were no objectors to the final settlement, but three objectors to the attorneys' fee award.  Id. ¶ 7.  The Court held a hearing and took arguments from the parties on September 24, 2024.  ECF 241.

Having considered the motion briefing, the terms of the Settlement Agreement, the objections and response thereto, the arguments of counsel, and the other matters on file in this action, the Court **GRANTS** the motion for final approval.

The Court finds the settlement fair, adequate, and reasonable.  The provisional

appointments of the class representative and class counsel are confirmed.

The Motion for Attorney Fees and Expenses is **GRANTED**.  The Court **ORDERS** that class counsel shall be paid $66,500,000 (19% of the Settlement Amount) in attorneys' fees; and $1,540,059.57 in litigation costs.

## I.  BACKGROUND

### A.  Procedural History

Plaintiff Adam Wicks initiated this securities class action and filed a complaint against defendants Alphabet, Lawrence E. Page, Sundar Pichai, and Ruth Porat on October 11, 2018 ("Wicks Action").  Compl., ECF 1.  On October 12, 2018, the case was assigned to Judge Jeffrey S. White.  ECF 3.  On November 19, 2018, *El Mawardy v. Alphabet, Inc., et al.*, No. 18-cv-5704, ("El Mawardy Action") was transferred to this Court from the U.S. District Court for the Eastern District of New York.  ECF 15, at 2 n.1.

On December 10, 2018, Plaintiffs the Retirement System, Adam Wick, Theodoros Vaskopulos, Richard R. Costa UDT ("Costa"), and Ironworkers Locals 40,361 & 417 Union Security Funds (the "Ironworkers") each separately moved for consolidation of the actions, appointment as lead plaintiff, and approval of lead Counsel.  ECFs. 15, 18, 25, 42.  Plaintiff Vaskopulos withdrew his motion on December 14, 2018.  ECF 33.  On December 18, 2018, Plaintiff Wicks filed a joint administrative motion for consideration of whether the El Mawardy Action was related to the Wicks Action.  ECF 34.  The motion was granted on December 20, 2018.  ECF 36.  On December 24, 2018, Plaintiff the Retirement System filed an opposition to the motions for consolidation of related actions, appointment as Lead Plaintiff, and approval as Lead Counsel against Plaintiffs Ironworkers and Costa.  ECF 39.  On December 31, 2018, Plaintiff the Retirement System filed a notice of unopposed motion.  ECF 40.

On January 7, 2019, Judge White granted Plaintiff the Retirement System's motion for consolidation of related actions and captioned the action "In re ALPHABET, INC. SECURITIES LITIGATION."[1]  ECF 44.  The Court also appointed the Retirement system as Lead Plaintiff and

---

[1] Judge White consolidated *Wicks v. Alphabet, Inc.*, No. 18-cv-06245 (filed Oct. 11, 2018); and *El Mawardy v. Alphabet, Inc.*, No. 18-cv-07018 (transferred to this District on Nov. 1, 2018).

United States District Court
Northern District of California

appointed Robbins Geller Rudman & Dowd LLP as Lead Counsel. *Id.* at 2 (first citing 15 U.S.C. § 78u4(a)(3)(B); and then citing 15 U.S.C. §78u-4(a)(3)(B)(v)). On January 25, 2019, Plaintiff Bao filed an administrative motion to consider whether cases should be related. ECF 45. The motion was granted, and the cases were related on February 6, 2019.[2] ECF 46.

On April 26, 2019, Plaintiffs filed their consolidated amended class action complaint against defendants Alphabet, Page, Pichai, Google, Enright, and Walker. ECF 62. On April 30, 2019, plaintiffs Ian Green, Leo Shumacher, Steve Stims and Joseph Lipovich, and Scott Galbiati filed a motion for administrative relief to consider whether their cases were related or for consideration of a sua sponte judicial referral for purpose of determining relationship. ECF 65; Civ. L.R. 3-12. On May 13, 2019, the cases were related to the Wicks Action. ECF 66. On June 21, 2022, Plaintiffs moved to certify class, appoint a class representative, and appoint class counsel. ECF 102. On September 8, 2022, Plaintiffs filed a motion for leave to file a supplement to their consolidated amended complaint. ECF 136. The motion for leave was granted and the motion to certify the class was stricken. ECF 153. Plaintiffs filed a supplement to their consolidated amended complaint on February 28, 2023. ECF 154. Plaintiffs refiled their motion to certify class on May 2, 2023. ECF 165. Defendants filed an opposition to the motion on June 30, 2023. ECF 181.

On July 24, 2023, Judge White recused himself from this matter. ECF 188. The case was reassigned to the Court on July 25, 2023. ECF 189. The Court ordered Lead Plaintiff to re-notice the motion to certify the class on July 31, 2023. ECF 192. Lead Plaintiff filed a notice of conditional withdrawal of the motion for class certification without prejudice on July 31, 2023. ECF 193. On the same day, Defendants responded with a request to finish briefing the class certification motion. ECF 194. The Court held a case management conference and published a case management scheduling order on August 1, 2023. ECF 196. The Court set the hearing on the motion to certify class for October 24, 2023. *Id*. Lead Plaintiff filed a reply for the motion to

United States District Court
Northern District of California

---

ECF 44. The Wicks Action serves as the master filed for every action in the consolidated action. *Id.* at 1.

[2]The Court related, *Bao v. Page*, No. 19-cv-00314, and *Cordeiro v. Page*, No. 19-cv-00447 to the instant case. ECF 46.

certify class on August 14, 2023. ECF 198.[3]

On October 20, 2023, the Class Certification hearing set for October 24, 2023, was vacated at the request of counsel and reset for March 5, 2024. ECF 218.

On February 4, 2024, the parties reached a settlement prior to class certification with the assistance of an experienced mediator at arm's-length under the supervision of the Hon. Layn R. Phillips (Ret.) of Phillips ADR ("Judge Phillips").

On April 2, 2024, the Court granted preliminary approval of the class action settlement, but requested additional information, including information on objections, exclusions, deadlines for notice, and questions for the final hearing. ECF 228. On April 9, 2024, the Court again granted the preliminarily approval of the class action settlement and provided for notice. ECF 232.

On July 19, 2024, Lead Plaintiff filed this settlement for final approval and approval of plan of allocation. ECF 233. It also filed a motion for attorney fees and expenses. ECF 234. Defendants filed a response and reply. ECF 237; 239. Lead Plaintiff filed its reply. ECF 238.

The Settlement Class is described as follows: "all Persons that purchased or otherwise acquired Alphabet Class A and/or Class C stock during the period from April 23, 2018, through April 30, 2019, inclusive. Excluded from the Settlement Class are Defendants and their families, the officers, directors, and affiliated of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class is any Person who timely and validly sought exclusion from the Settlement Class." ECF 239.

### B. Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, defendant will pay $350,000,000.00 into a common settlement fund, without admitting liability. This amount includes attorneys' fees and costs and the cost of class notice and settlement administration.

### i. Attorneys' Fees and Costs

---

[3]On October 4, 2023, the Court granted a motion for leave for Joseph A. Grundfest to file a brief as amicus curae. ECF 216. However, the Court rescinded the order on October 5, 2023, as the filing was untimely and did not comply with Civil Local Rule 7-3(d). *Id.* The Court did not consider the supplemental brief in consideration of the instant motion.

Under the Settlement Agreement, Plaintiff's counsel, Robbins Geller Rudman & Dowd LLP, agreed to seek an award of attorneys' fees not to exceed 19% of the Settlement Amount, $66,500,000.00, and no more than $1,540,059.57,[4] in litigation costs. ECF 234, at 3.

### ii. Class Relief

After deductions from the common fund for fees and costs, approximately $289,300,000 will remain to be distributed among the participating class members. Class members will be paid according to the calculations described in ECF 222 under Calculation of Recognized Loss Amounts. ECF 222, Ex. A-1.

### iii. Remainder

The Settlement Agreement provides that "[i]f there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion." ECF 222, Ex. 1, at 21. "These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Investor Protection Trust." *Id.*

### C. Class Notice and Claims Administration

The Settlement Agreement is being administered by Gilardi & Co. LLC ("Gilardi"). Following the Court's preliminary approval and conditional certification of the settlement, Gilardi, the Class Administrator, mailed or emailed more than 1.2 million copies of the Summary Notice to potential Settlement Class Members and nominees. ECF 236, Murray Decl. ¶ 11. The Summary Notice was also published in *The Wall Street Journal* and transmitted over *Business Wire*, and the website created for the Settlement (www.AlphabetSecuritiesSettlement.com) contains the Stipulation, Notice, Proof of Claim, and Preliminary Approval Order. *Id.* ¶ 12; ECF 233, at 7-8. If mail was returned as undeliverable for which new addresses were identified, they were re-mailed to those new addresses. ECF 236, Murray Decl. ¶ 4.

---

[4]This amount is lower than the $1,750,000 provided in the Notice. ECF 234, at 16.

United States District Court
Northern District of California

Class members were given until August 23, 2024 to object or exclude themselves from the Settlement Agreement. ECF 236, Murray Decl. ¶ 2. Since the Initial Mailing Declaration, 58 persons filed timely requests to opt out of the Settlement Class. *Id.* ¶ 6. Two persons filed late requests. *Id.* The 58 opt-out members represent a total of 5,983 shares while the two untimely opt-out members represent a total of 37 shares out of an estimated 113,850,000 damaged shares. ECF 238-1, at 2. The opt-out members' shares represent 0.005% of the total shares. *Id.*

## II. FINAL APPROVAL OF SETTLEMENT

### A. Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *Hanlon v. Chrysler Corp.*, 150 F.3d at 1027. The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

### B. Analysis

#### i. The Settlement Class Meets the Prerequisites for Certification

As the Court found in its order granting preliminary approval and conditional certification

of the settlement class herein, the prerequisites of Rule 23 have been satisfied purposes of certification of the Settlement Class. ECF 228.

### ii. Adequacy of Notice

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Court found the parties' proposed notice procedures provided the best notice practicable and reasonably calculated to apprise Class Members of the settlement and their rights to object or exclude themselves. Pursuant to those procedures, more than 1.2 million copies of the Summary Notice were mailed or emailed to potential Settlement Class Members and nominees; the Summary Notice was also published in *The Wall Street Journal* and transmitted over *Business Wire*; and the website created for the Settlement (www.AlphabetSecuritiesSettlement.com) contains the Stipulation, Notice, Proof of Claim, and Preliminary Approval Order. ECF 233, at 7-8. The Claims Administrator also mailed or emailed 254 Claim Packages to potential Settlement Class Members and nominees, resulting in 948,245 asserted claims. ECF 238, at 1.

Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

### iii. The Settlement is Fair and Reasonable

7

As the Court previously found in its order granting preliminary approval, the *Hanlon* factors indicate the settlement here is fair and reasonable and treats class members equitably relative to one another. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); ECF 232.

The reaction of the class was mostly positive. The Court received 3 objections, 58 timely exclusions, and two untimely exclusions as of the August 23, 2024 deadline. The objections and exclusions constitute 0.005% of the total damaged shares. ECF 238-1, at 2. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation omitted); *see also Churchill Vill.*, 361 F.3d at 577 (holding that approval of a settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 class members was proper).

In its preliminary approval order, the Court approved the proposed plan of allocation. ECF 232. That plan is: Class members are bound by the determinations and judgments in this Action unless they timely request to be excluded or "opt out" from the Settlement Class no later than August 23, 2024. *Id.* ¶ 19. The Court should find the plan of allocation to be fair and reasonable and that it treats class members equitably and it should approve that plan of allocation. *Id.*

### iv. Objections

Three individuals submitted objections: Faris Sabri Azzouni; Richard A. Hauser; Larry D. Killion. ECF 238, Ex. A. The Court has considered all objections and overrules them for the reasons stated on the record at oral argument, and as further explained below. The Court addresses each objector's arguments in turn.

Objector Azzouni filed an objection indicating that Class C shareholder pay would drop from $2.85 per share to $0.56 if the Court were to grant the request attorneys' fee award. ECF 238, Ex. A. Plaintiff responds that these numbers are incorrect because $0.56 represents the estimated cost per share, not the price per share. Accordingly, because Azzouni's understanding of the numbers is incorrect, the Court overrules this objection.

Objector Hauser submitted a boilerplate objection stating that the fee is disproportionate to the work necessary to this settlement. ECF 238, Ex. A. Hauser, however, does not suggest what

8

would be an "appropriate amount" of fees. *Id.* The Court therefore overrules this objection as well.

Finally, objector Killion objected to the Plaintiffs' attorneys use of a contingency fee and argued that counsel should "base their fee on defendable court approved reasonable time and hourly rates actually spent on the case." ECF 238, Ex. A. Because the Court can determine that the attorney fee award is fair, reasonable, and based on both the percentage-of-recovery method and the lodestar method, as analyzed below, the Court overrules this last objection. *See* Section III.

### v. Certification is Granted and Settlement is Approved

After reviewing all the required factors, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and certification of the Settlement Class as defined therein to be proper. The remainder recipient, Investor Protection Trust, is **APPROVED**.

### III. MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

#### A. Attorneys' Fee Award

Attorneys' fees and costs may be awarded in a certified class action under Federal Rule of Civil Procedure 23(h). Such fees must be found "fair, reasonable, and adequate" to be approved. Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). To "avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Id.* at 963. "[T]he members of the class retain an interest in assuring that the fees to be paid class counsel are not unreasonably high," since unreasonably high fees are a likely indicator that the class has obtained less monetary or injunctive relief than they might otherwise. *Id.* at 964.

The Court analyzes an attorneys' fee request based on either a percentage of the total settlement fund made available to the class, including costs, fees, and injunctive relief, or the "lodestar" method. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth Circuit encourages courts to use another method as a cross-check to avoid a "mechanical or formulaic approach that results in an unreasonable reward." *In re Bluetooth*, 654 F.3d at 944–45

United States District Court
Northern District of California

### i. Percentage-of-Recovery Method

When using the percentage-of-recovery method, courts consider a number of factors, including whether class counsel " 'achieved exceptional results for the class,' whether the case was risky for class counsel, whether counsel's performance 'generated benefits beyond the cash settlement fund,' the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (quoting *Vizcaino*, 290 F.3d at 1047-50. "[T]he most critical factor [in determining appropriate attorney's fee awards] is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Under the percentage-of-the-fund method, courts in the Ninth Circuit "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *In re Bluetooth*, 654 F.3d at 942 (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). The benchmark should be adjusted when the percentage recovery would be "either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers*, 904 F.2d at 1311.

Class counsel here requests an attorneys' fee award of $66,500,000. Applying the percentage of recovery method, the parties determined the total settlement value to be $350,000,000. The attorneys' fees requested would come to 19% of this total. This amount is below the 25% benchmark. Given the size of this settlement, and that it occurred before class certification, the Court must give additional scrutiny to the attorneys' fee request. First, the Court looks at the results achieved. Plaintiffs' counsel achieved a settlement of 25% of the stretch damages, significantly higher than the median securities class action recovery of damages. *See* LAARNI T. BULAN & LAURA E. SIMMONS, SECURITIES CLASS ACTION SETTLEMENTS: 2023 REVIEW AND ANALYSIS 7 (Cornerstone Research 2024) (providing research on median settlements as a percentage of damages and finding that the median recovery is at most around 8%); *Hefler v.*

10

*Wells Fargo & Co.*, N0. 16-cv-05479-JST, 2018 WL 6619983, at *8 (N.D. Cal. Dec. 18, 2018) (finding the median recoveries in securities fraud class actions was 2.5 percent between 2008 and 2016 and 3 percent in 2017); ECF 234, at 7.  Lead Counsel alleges that Plaintiffs' counsel achieved an outstanding result for the Settlement Class.  *Id.* at 8.  Indeed, Plaintiffs achieved the largest privacy and cybersecurity-related securities class action lawsuit settlement in this district.[5]

Next, this case was risky because it contained a complex issue that resulted in six years of litigation.  *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 416 (S.D.N.Y. 2018) (finding that "securities actions are highly complex" and that "securities class litigation is notably difficult and notoriously uncertain").  Plaintiffs' counsel put in over 20,000 hours into the settlement, which involved an appeal before the Ninth Circuit.  Furthermore, Plaintiffs' counsel handled the case on a contingency fee basis and has received no compensation thus far, which weighs in favor of granting higher attorney fees.  *See Vizcaino*, 290 F.3d at 1050 (holding that representing class counsel on a contingency fee basis required counsel to forgo other work and resulted in a decline of the firm's annual income).

Additionally, an award of 19% is below the typical 25% benchmark in the Northern District of California.  *In re Wells Fargo & Co. Shareholder Derivative Litigation*, 445 F. Supp. 3d 508, 525 (N.D. Cal. 2020).  It is also lower than the traditional mean and median fee awards in this district.  *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2018 WL 4030558, at * (N.D. Cal. Aug. 23, 2018) (providing a chart graphing attorneys' fees from 2009 to 2013 that begins at 22% and ends at 32%, and then providing that between 2006 and 2007 the mean attorney fee award for a high recovery settlement was 18.4% and the median was 19%).  In one outlier case, a court in this district awarded class counsel a 13.5% attorneys' fee, but this award was at the counsel's request due to low recovery in the action.  *In re LDK Solar Securities Litigation*, No. C 07-5182-WHA, 2010 WL 3001384, at *4 (N.D. Cal. July 29, 2010).

Although Lead Counsel in the present case requests $66,500,000, this request is similar to

---

[5] *Google Parent Alphabet Agrees to Pay Shareholders $350 Million Over Data Leak*, ISS INSIGHTS (March 12, 2024), https://insights.issgovernance.com/posts/google-parent-alphabet-agrees-to-pay-shareholders-350-million-over-data-leak/.

11

the $52,800,000 attorneys' fee award in *Wells Fargo*, which came to 22% of the total settlement. *In re Wells Fargo*, 445 F. Supp. 3d at 526. Accordingly, after careful analysis of attorney fee trends and similar cases, the Court finds that a fee award of 19% is fair, reasonable, and adequate.

### ii. Lodestar Cross-Check

Under the lodestar approach, a court multiplies the number of hours reasonably expended by the reasonable hourly rate. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. A reasonable hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.'").

The Court has considered a cross-check using the lodestar method. Here, the lodestar multiplier is approximately 4.58, which the Court finds reasonable. *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 633 (N.D. Cal. 2021) (approving a fee award with a lodestar multiplier of 4.71); ECF 234, at 14. Plaintiffs' attorneys worked 23,026.30 hours at rates ranging from $110 per hour to $1400 per hour for a total of $14,514,240.00. ECF 234, Ex. A. The Court finds that the hours claimed were reasonably incurred and that the rates charged are reasonable and commensurate with those charged by attorneys with similar experience in the market. *See Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at *9 (N.D. Cal. July 15, 2022) (approving hourly rates between $760 and $1,325 for partners and $175 and $520 for associates). The Court also finds that Class Counsel represented their clients with skill and diligence and obtained an excellent result for the class, taking into account the possible outcomes and risks of proceeding trial.

### iii. Objections

Defendants do not oppose the fee request, although three individual objectors do. These objectors challenge the fee amount because they argue not much will be left to shareholders. For instance, the first objector believes that the Lead Counsel is concerned that Class C shareholder pay will drop from $2.85 per share to $0.56. ECF 238, Ex. A, at 1. This objector, however, confused these number: $2.85 per share is the estimated recovery number while $0.56 is the cost of expenses that will be subtracted from the $2.85. The total estimated cost per Class C share

remains $0.56. The second objector submitted a boilerplate objection arguing that a fee of 19% is excessive. *Id.* at 27. The third objector objects to contingency payment structures, arguing that counsel should base their fees on their time and hourly rates rather than the contingency fee agreement. *Id.* at 30. The Court takes these objectors' concerns into consideration, but determines that the attorneys' fee award is fair, reasonable, and adequate based on the foregoing.

Accordingly, the Court finds an award of attorneys' fees in the amount of $66,500,000 to be fair, reasonable, and adequate.

### B. Costs Award

Class counsel is entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, class counsel seeks reimbursement for litigation expenses, and provides records documenting those expenses, in the amount of $1,540,059.57. The Court finds this cost amount reasonable, fair, and adequate.

### IV. CONCLUSION

Based upon the foregoing, the motion for final approval of class settlement is **GRANTED**. The motion for attorneys' fees and costs is **GRANTED** as follows: Class Counsel is awarded $66,500,000 in attorneys' fees and $1,540,059.57 in litigation costs.

After deductions from the common fund for fees and costs, approximately $289,300,000 shall remain to be distributed among the participating class members. Class members shall be paid according to the calculations described in ECF 222 under Calculation of Recognized Loss Amounts.

With respect to residuals, the Net Settlement Fund and Lead Counsel shall reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion. These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Investor Protection

United States District Court
Northern District of California

13

Trust.

Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment is **ENTERED** in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on February 5, 2024 (ECF 222), and this order.

This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

The parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements no later than April 10, 2025. The Court **SETS** a compliance deadline on May 6, 2025, on the Court's 2:00 pm. calendar, to verify timely filing of the post-distribution accounting.

This order terminates Docket Nos. 233 and 234.

**IT IS SO ORDERED.**

Dated: September 30, 2024

_____
TRINA L. THOMPSON
United States District Judge