# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RON BERGMAN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 3:23-cv-01742-RFL |
| Plaintiff, | Hon. Rita F. Lin |
| v. | |
| CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, JASON V. O'BYRNE, RYAN FISCHESSER, SCOTT BRAUNSTEIN, ANDREW GUGGENHIME, JEFFREY LONG-MCGIE, NATALIE R. SACKS, BOFA SECURITIES INC., CITIGROUP GLOBAL MARKETS, INC., and SVB SECURITIES LLC, | **CLASS ACTION** |
| Defendants. | |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On January 14, 2025, Plaintiffs filed their Motion for Final Approval of the Settlement, Plan of Allocation, and Final Certification of Settlement Class (the "Final Approval Motion").

The Final Approval Motion asks the Court to determine whether the terms and conditions of the Amended Stipulation of Settlement dated October 1, 2024 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Settling Defendants (as defined in the Stipulation), including the release of the Released Claims against the Released Parties, and should be approved and whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

The Court having considered all matters submitted to it; and

It appearing in the record that the Postcard Notice substantially in the form approved by the Court in the Court's Order Granting Motion for Preliminary Approval of Class Action

1

Settlement, dated October 15, 2024 ("Preliminary Approval Order") (Dkt. No. 88) was mailed to all reasonably identifiable Settlement Class Members without valid email addresses and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

The link to the location of the electronic Long Notice and Proof of Claim substantially in the form approved by the Court in the Preliminary Approval Order was emailed to identifiable Settlement Class Members when an email address was provided to the Claims Administrator in accordance with the Preliminary Approval Order and the specifications of the Court; and

The Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily*.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

    (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

    (b) there are questions of law and fact common to the Settlement Class;

    (c) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent;

    (d) Plaintiffs and Class Counsel fairly and adequately represent the interests of the Settlement Class;

  (e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

  (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering;

    i. the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

    ii. the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

    iii. the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

    iv. the difficulties likely to be encountered in the management of the class action.

The Settlement Class is being certified for settlement purposes only.

3. The Court hereby finally certifies this action as a class action for purposes of the Settlement only, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons and entities who purchased publicly traded Caribou common stock between July 23, 2021 and July 13, 2023, both dates inclusive, and were damaged thereby. Included in the Settlement Class are all persons who purchased Caribou common stock pursuant to and/or traceable to Caribou's registration statement and prospectus issued in connection with its IPO and all persons and entities who purchased Caribou common stock at artificially inflated prices and were damaged thereby. Excluded from the Settlement Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the Company's present and former officers and directors during the Settlement Class Period; members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendant, or any person excluded under this subsection (b), has or had a majority ownership interest during the Settlement Class Period.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Co-Lead Counsel previously selected by Lead Plaintiff and appointed by the Court is hereby appointed as Class Counsel for the Settlement Class.

5.     In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. No requests for exclusion were received. Thus, it is hereby determined that all Settlement Class Members are bound by this Order.

6.     The Settlement is approved as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure. No objections to the Settlement were received. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations with a well-respected mediator and between experienced counsel representing the interests of Class Representatives, Settlement Class Members, and Settling Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

8. On or before July 17, 2025 (six months after the deadline for Settlement Class Members to submit proofs of claim to the claims administrator pursuant to the Court's Preliminary Approval Order (Dkt. No. 88, ¶21(a)), Class Counsel shall file with the Court a motion for distribution of the Net Settlement Fund which shall be accompanied by a declaration of the court-appointed claims administrator concerning the acceptance and rejection of claims and the results of the claims administration process.

9. Within thirty (30) days after the Court's entry of an order granting the motion for distribution, the claims administrator, under the supervision of Class Counsel, shall distribute the Net Settlement Fund.

10. Class Counsel shall file Post-Distribution Accounting within twenty-one (21) days after settlement checks have become stale, using the Court's Post-Distribution Accounting Form (available at https://cand.uscourts.gov/forms/civil-forms/) and file it as ECF event "Post-Distribution Accounting" under Civil Events > Other Filings > Other Documents. Ten percent of Class Counsel's awarded attorneys' fees shall remain in the Settlement Fund until after Class Counsel files the necessary Post-Distribution Accounting, as described herein, and the Court authorizes the release to Class Counsel of the attorneys' fees remaining in the Settlement Fund.

**IT IS SO ORDERED.**

Dated: February 18, 2025

_____
HON. RITA F. LIN
UNITED STATES DISTRICT JUDGE