UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RON BERGMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, JASON V. O'BYRNE, RYAN FISCHESSER, SCOTT BRAUNSTEIN, ANDREW GUGGENHIME, JEFFREY LONG-MCGIE, NATALIE R. SACKS, BOFA SECURITIES INC., CITIGROUP GLOBAL MARKETS, INC., and SVB SECURITIES LLC,<br><br>Defendants. | Case No.: 3:23-cv-01742-RFL<br><br>**ORDER AND FINAL JUDGMENT**<br><br>CLASS ACTION<br><br>Hon. Rita F. Lin |

1

On the 18th day of February, 2025 a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Amended Stipulation of Settlement, dated October 1, 2024 ("Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendants (as defined in the Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether to enter judgment dismissing the Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Lead Counsel fees and reimbursement of expenses; and (5) whether and in what amount to award the Compensatory Award to Plaintiffs; and

The Court having considered all matters submitted to it at the hearing and otherwise, and it appearing in the record that:

The Postcard Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated October 15, 2024 ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members without valid email addresses and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

The link to the location of the electronic Long Notice and Proof of Claim substantially in the form approved by the Court in the Preliminary Approval Order was emailed to identifiable Settlement Class Members when an email address was provided to the Claims Administrator in accordance with the Preliminary Approval Order and the specifications of the Court; and

The Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily*.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  This Order and Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendants.

3. The Court finds that, for settlement purposes only, the prerequisites for a class action under Federal Rule of Civil Procedure ("Rule") 23(a) and (b)(3) have been satisfied in that:

    a. the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

    b. there are questions of law and fact common to the Settlement Class;

    c. Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent;

    d. Plaintiffs and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

    e. questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and

    f. a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

        i. the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

        ii. the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

        iii. the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

        iv. the difficulties likely to be encountered in the management of the class action.

4. The Court hereby finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3), on behalf of all persons and entities who purchased Caribou common stock between July 23, 2021 and July 13, 2023, both dates inclusive, and were damaged thereby. Included in the Settlement Class are all Persons who purchased Caribou

common stock pursuant to and/or traceable to Caribou's Registration Statement and prospectus issued in connection with its July 23, 2021 IPO and all persons and entities who purchased Caribou common stock during the Settlement Class Period at artificially inflated prices and were damaged thereby. Excluded from the Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the Company's present and former officers and directors during the Settlement Class Period; members of their immediate families and legal representatives, heirs, successors, or assigns, and any entity in which any Defendant, or any person excluded under this subsection (b), has or had a majority ownership interest during the Settlement Class Period. No requests for exclusion from the Settlement Class have been received.

5. Pursuant to Rule 23, for the purposes of this Settlement, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel previously selected by Plaintiffs and appointed by the Court is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

6. In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Judgment.

7.      The Settlement is approved as fair, reasonable and adequate under Rule 23. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Class Representatives, Settlement Class Members, and Defendants. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8.      The Action and all claims contained therein, as well as the Released Claims, are dismissed with prejudice as against Defendants and the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.      The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Stipulation or this Order and Judgment.

10.     With respect to any and all Released Claims, Class Representatives and the Releasing Parties shall waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of this Final Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

11. With respect to any and all Released Claims, Class Representatives shall expressly waive and each of the Releasing Parties shall be deemed to have waived, and by operation of the Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state, territory, foreign country or principle of common law, that is similar, comparable, or equivalent to California Civil Code § 1542. Class Representatives and/or one or more Releasing Parties may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the Released Claims, but Class Representatives shall expressly fully, finally, and forever settle and release, and each Releasing Party, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Class Representatives acknowledge, and the Releasing Parties shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

12. Upon the Effective Date, the Defendants shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever released, relinquished and discharged all claims they could have asserted against the Releasing Parties, including Settlement Class Members and Lead Counsel, related to the prosecution of the Action, including both known or Unknown Claims and shall have covenanted not to sue the Releasing Parties, including Settlement Class Members and Lead Counsel, with respect to any such claims, and shall be permanently

barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any such claim, in any capacity. Nothing contained herein shall, however, bar the Released Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

13. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

14. The Court finds that the Parties and their counsel have complied with all requirements of Rule 11 and the PSLRA as to all proceedings herein.

15. Neither this Order and Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents, or proceedings connected with them is evidence, or an admission or concession by any Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action or could have been alleged or asserted, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted or could have been alleged or asserted in any such action or proceeding. This Final Judgment is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Party, Settlement Class Member, or any Released Parties. Neither this Final Judgment, the Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with therewith (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to Class Representatives or any other Settlement Class Member, or (ii)

otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that this Final Judgment, the Stipulation, or the documents related thereto may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Final Judgment, or as otherwise required by law.

16. Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

17. This Court hereby retains exclusive jurisdiction over the Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

18. Without further order of the Court, Defendants and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b).

20. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the proposed Plan of Allocation or Class Counsel's application for an award of attorneys' fees and expenses or Compensatory Award to Class Representatives.

21. Class Counsel are hereby awarded 28% of the Settlement Amount or $1,092,000 in fees, plus a proportionate share of the interest thereon, which the Court finds to be fair and reasonable, and $47,975.35 in reimbursement of out-of-pocket expenses, plus a proportionate share of the interest thereon. Class Representatives are hereby awarded $7,500 ($5,000 to Lead

Plaintiff Ron Bergman and $2,500 to named plaintiff Carl Cooper), which the Court finds to be fair and reasonable. Defendants and the Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Class Counsel, Class Representatives, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

22. Counsel for the Settlement Class shall file Post-Distribution Accounting within twenty-one (21) days after settlement checks have become stale, using the Court's Post-Distribution Accounting Form (available at https://cand.uscourts.gov/forms/civil-forms/) and file it as ECF event "Post-Distribution Accounting" under Civil Events > Other Filings > Other Documents. Ten percent of Class Counsel's awarded attorneys' fees shall remain in the Settlement Fund until after Class Counsel files the necessary Post-Distribution Accounting, as described herein, and the Court authorizes the release to Class Counsel of the attorneys' fees remaining in the Settlement Fund.

23. In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Parties or the Released Parties, and each Party shall be restored to his, her or its respective litigation positions as they existed prior to April 22, 2024, pursuant to the terms of the Stipulation.

Dated: February 18, 2025

_____
HON. RITA F. LIN
UNITED STATES DISTRICT JUDGE