**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs and the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RON BERGMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CARIBOU BIOSCIENCES, INC., RACHEL E. HAURWITZ, JASON V. O'BYRNE, RYAN FISCHESSER, SCOTT BRAUNSTEIN, ANDREW GUGGENHIME, JEFFREY LONG-MCGIE, NATALIE R. SACKS, BOFA SECURITIES INC., CITIGROUP GLOBAL MARKETS, INC., and SVB SECURITIES LLC,<br><br>Defendants. | Case No.:  3:23-cv-01742-RFL<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: September 30, 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 15, 18th Floor<br>Judge: Rita F. Lin |

## NOTICE OF MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the Court's Order Granting Final Approval of Class Action Settlement (Dkt. No. 98) ("Final Approval Order"), on September 30, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, Lead Plaintiff Ron Bergman and named plaintiff Carl Cooper ("Plaintiffs") will hereby move the Honorable Rita F. Lin, District Judge, in Courtroom 15 – 18th Floor, 450 Golden Gate Ave., San Francisco, CA 94102, for entry of the [Proposed] Order for Distribution of Class Action Settlement Funds.

In support of this Motion, Plaintiffs submit the following memorandum, the Declaration of Sara Fuks ("Fuks Decl.") filed concurrently herewith and the exhibits thereto, all prior pleadings and papers in this Action; and such additional information or argument as may be required by the Court.

Plaintiffs are not aware of any opposition to the Motion, and no objections have been received to date.

**STATEMENT OF ISSUES TO BE DECIDED**

1.  Whether the Court should approve the distribution of the class action settlement funds.

### MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff Ron Bergman and named plaintiff Carl Cooper ("Plaintiffs"), submit this memorandum of points and authorities in support of their motion for entry of the [Proposed] Order for Distribution of Class Action Settlement Funds ("Distribution Order"), submitted herewith.[1] If entered by the Court, the Distribution Order will, among other things: (i) approve the Claims Administrator's recommendations accepting and rejecting Claims submitted in the Action; and (ii) direct the distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted as valid and approved by the Court. The specifics of the proposed plan for distribution of the Net Settlement Fund are set forth in the accompanying Declaration of Sarah Evans Concerning the Results of the Claims Administration Process ("Evans Declaration"), attached hereto as Exhibit 1 to the Fuks Declaration.

### I.    BACKGROUND

On October 1, 2024, the Parties entered into the Amended Stipulation of Settlement, the terms of which established a $3,900,000 cash Settlement on behalf of the Settlement Class. *See* Dkt. No. 86-1.

The Court granted preliminary approval of the Settlement on October 15, 2024 ("Preliminary Approval Order"). Dkt. No. 88. Pursuant to the Preliminary Approval Order, 42,287 notices were mailed and/or emailed to potential Settlement Class Members. *See* Evans Declaration ¶4. Further, the Court-appointed Claims Administrator, Strategic Claims Services ("SCS" or "Claims Administrator") published the Summary Notice once in *Investor's Business Daily* and transmitted it once over *GlobeNewswire* as well as maintains a toll-free phone line and settlement website. *See* Dkt. Nos. 91-2 ¶10 and at 35-36.

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Amended Stipulation of Settlement, filed on October 1, 2024 ("Stipulation"). Dkt. No. 86-1.

NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; 3:23-cv-01742-RFL

1

The Claims Administrator has advised Co-Lead Counsel that it has completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Evans Declaration ¶¶7-8. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. This Court should authorize the distribution of the Net Settlement Fund to Authorized Claimants, as identified in Exhibits B-1 and B-2 to the Evans Declaration.

## II.     DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, Settlement Class Members wishing to participate in the Settlement were required to submit a Proof of Claim online or by mail, postmarked or received no later than January 17, 2025. *See* Dkt. No. 88 and ¶¶21, 39. The Claims Administrator continued processing all claims received up to February 18, 2025. Evans Declaration ¶¶7, 8.a, 9. As a result of an effective notice program, through February 18, 2025, SCS received 19,337 Claim Forms. *Id*. ¶7. SCS reviewed all 19,337 Claim Forms and has now finalized its determination of which claims are authorized and which are ineligible. *Id*. ¶¶7-8.

### A.  Valid and Properly Documented Claims

SCS analyzed 19,337 Claim Forms received through February 18, 2025 and determined that 8,217 valid and properly-documented claims were received. *Id*. ¶7. These valid claims represent Recognized Losses of $230,134,729.56, as calculated pursuant to the Plan of Allocation. *Id*. ¶8.a. Plaintiffs request that the Court approve the properly documented claims as listed in Exhibits B-1 and B-2 to the Evans Declaration.

The Court should also order that no claims received after February 18, 2025, or any responses to deficiency and/or rejection notices received after July 14, 2025, be included in the distribution. SCS has not processed any claims or responses to rejections received after these dates due to extreme lateness and because their inclusion would have delayed finalization of the

NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS –
3:23-cv-01742-RFL

2

administration. Evans Declaration ¶7. To facilitate the efficient and proportional distribution of the Net Settlement Fund, there must be a final cut-off after which no other claims may be accepted. *See In re Citigroup Sec. Litig.*, 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) ("[A]t some point in the distribution of a large class action settlement, such as this one, 'a cutoff date is essential and … the matter must be terminated.'"); *Hartman v. Powell*, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action.").

### B. Deficient and Ineligible Claims

#### 1. Inadequately Documented Claims

To be eligible for a payment from the proceeds of the Settlement, a Settlement Class Member must submit a Proof of Claim with adequate supporting documentation. *See* Dkt. Nos. 88 ¶21; 88-2 (Proof of Claim). The Court approved the contents of the Long Notice when issuing the Preliminary Approval Order, which included the documentation necessary for submission of a valid claim. *See* Dkt. No. 88 ¶9; Dkt. No. 88-1 (Long Notice). Proper documentation may consist of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel. *See* Dkt. No. 88 ¶¶ 21-24.

SCS initially identified 54 inadequately documented claims. Evans Declaration ¶8.b. For all inadequately documented claims, SCS sent deficiency notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency. *Id*. A sample deficiency notice is attached as Exhibit C to the Evans Declaration. Of the 54 claims initially identified as deficient, 15 have been successfully cured and are considered valid. *Id*. The claimants for the remaining 39 inadequate claims either did not respond to the inadequacy notice or responded with inadequate documentation, and each was sent a rejection notice setting forth the reasons for their inadequacy. *Id*., Exhibit D to

the Evans Declaration (list of inadequate, rejected claims). The Court should accept the Claim Administrator's determinations and reject these claimants' Claims.

### 2. Claims Rejected for Reasons Other Than Inadequate Documentation

To be eligible for a payment from the proceeds of the Settlement, a Settlement Class Member must evidence transactions that result in a Recognized Loss under the Plan of Allocation. *See* Dkt. No. 88-1 (Long Notice).

SCS has identified 11,081 claims that it recommends for complete rejection. Evans Declaration ¶8.c, Exhibit E (list of ineligible claims). The reasons for rejection included: (i) claims with no Recognized Losses; (ii) claims filed for Caribou Biosciences, Inc. ("Caribou") common stock that were not purchased during the Settlement Class Period; (iii) claims that included Caribou common stock which was not purchased but was instead received or granted by gift, inheritance, or operation of law; (iv) duplicate claims; (v) claims which were filed by Persons who were excluded from the Settlement Class by definition; (vi) fraudulent claims filed; and (vii) a claim which was withdrawn from the Settlement by the filing entity. *Id*. SCS sent these claimants rejection notices advising them of SCS's determination. *Id*., Exhibit F (sample ineligibility notice). To date, none of these ineligible claimants have contested SCS's determination. *Id*.

### III. PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶9.1 of the Amended Stipulation, "After the Effective Date, Lead Counsel shall apply to the Court, on notice to the Parties, for the Settlement Fund Distribution Order." Further, pursuant to ¶9.3 of the Stipulation: "Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Long Notice and any orders of the Court." Co-Lead Counsel now seeks to distribute the Net Settlement Fund to the 8,215 Authorized Claimants and two late claims whose claims have been accepted by the Claims Administrator, as set forth in Exhibits B-1 and B-2 to the Evans

Declaration.

Consistent with the Plan of Allocation and with the Court's approval, the Claims Administrator will conduct an Initial Distribution of the Net Settlement Fund to all Authorized Claimants on a *pro rata* basis whose distribution payments are $10.00 or more. Evans Declaration ¶10. Based on the substantial experience of Co-Lead Counsel and SCS in similar distributions, it can be expected that a certain number of payments to be distributed to Settlement Class Members who filed valid Claims will not be cashed promptly. To encourage Authorized Claimants to promptly cash their distribution checks and to avoid or reduce future expenses relating to unpaid distributions, Co-Lead Counsel and SCS propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." *Id*.

The Claims Administrator will make reasonable and diligent efforts to encourage Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund to cash their distribution. If, however, after six months any funds remain in the Settlement Fund, by reason of uncashed checks or otherwise, the Claims Administrator will conduct a redistribution of the remaining funds. *Id*. During the redistribution, any amounts remaining in the Net Settlement Fund after the initial distribution, after payment of amounts mistakenly omitted from the initial distribution to Authorized Claimants, and after payment of Administrative Costs incurred in administering the Settlement (including costs or fees of such redistribution), will be redistributed to all Authorized Claimants in the initial distribution who cashed their checks and would receive at least $10.00 from the second distribution, if such redistribution is economically feasible. *Id*.

Finally, six months after the second distribution, if undertaken, or if a second distribution is not undertaken, any funds remaining in the Net Settlement Fund shall be donated to the Bay Area

Financial Education Foundation. *Id*. The Proposed Order filed herewith confirms the Settlement's provisions for such redistribution of the Net Settlement Fund, as explained in the Plan of Allocation detailed in the Long Notice. Dkt. No. 88-1 at p. 8-9.

## IV.    RELEASE OF CLAIMS

To allow for the full and final distribution of the Net Settlement Fund, the Court must bar any further claims beyond the amounts allocated to Authorized Claimants, and should release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including Co-Lead Counsel. Accordingly, the Court should bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Plaintiffs, Co-Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Co-Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them under the terms of the Distribution Order. *See In re FAT Brands Inc. Sec. Litig*., No. 2:22-cv-1820-MCS-RAO (C.D. Cal. Jan. 16, 2024) (Dkt. No. 75, Order Authorizing Distribution of Net Settlement Fund).

## V.    RECORDS RETENTION AND DESTRUCTION

The Court should order that in no less than one year after all distribution(s) of the Net Settlement Fund to the eligible claimants, the Claims Administrator may destroy the paper and electronic copies of the Claim Forms and all supporting documentation. *See* Evans Declaration ¶10.f.

## VI.    CONCLUSION

For the foregoing reasons, the Court should approve and enter the [Proposed] Order for Distribution of Class Action Settlement Funds, submitted herewith.

Dated: July 17, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A**.

By: */s/ Laurence M. Rosen*
Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

and

Phillip Kim (*pro hac vice*)
Sara Fuks (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 2020-3827
Email: pkim@rosenlegal.com
sfuks@rosenlegal.com

**THE SCHALL LAW FIRM**
Brian Schall (SBN 290685)
Ivy T. Ngo (SBN 249860)
Rina Restaino (SBN 285415)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
brian@schallfirm.com
ivy@schallfirm.com
rina@schallfirm.com

*Co-Lead Counsel for Plaintiffs and for the Class*

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 S. Grand Avenue, Suite 2450 Los Angeles, CA 90071. I am over the age of eighteen.

On July 17, 2025, I electronically filed the foregoing NOTICE OF MOTION AND MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on July 17, 2025.

/s/ Laurence M. Rosen